**Jay Arley PARKER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13265.**

United States Court of Appeals
Sixth Circuit.

March 5, 1958.

Writ of Certiorari Denied May 19, 1958.

See 78 S.Ct. 1003.

Peter J. Panos, Cincinnati, Ohio (Jay Arley Parker, pro se., on the brief), for appellant.

James M. Meek, Asst. U. S. Atty., Knoxville, Tenn. (John C. Crawford, Jr., James M. Meek, U. S. Attys., Knoxville, Tenn., on the brief), for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Appellant pleaded guilty to violation of the White Slave Traffic Act, Title 18 U.S.C.A. Section 2421; and on appeal, he contends that the District Court erred in denying his Motion to Vacate Sentence on the various counts, aggregating eight years, on the ground that the Statute of Limitations had expired on the offenses charged against him. He further contends that he was denied his constitutional right to a speedy and public trial and that the government was guilty of laches in prosecuting him.

Appellant and his brother were jointly indicted on sixteen counts. Both were represented by an experienced attorney of their own choosing. Appellant plead-

ed guilty to five counts of the indictment. Each of the first three counts to which appellant pleaded guilty charged transportation of different women in interstate commerce for the purpose of prostitution. Each of the last two counts to which appellant pleaded guilty charged transportation of different women, in a subsequent year, in interstate commerce for the purpose of prostitution.

The indictment charged that the offenses which were set forth in the various counts had taken place in "the latter part of 1952 or the early part of 1953". It was filed November 22, 1955.

On September 1, 1954, the three year Statute of Limitations on non-capital criminal offenses, 18 U.S.C.A. Section 3282, was amended to extend the limitation period to five years. See 1957 Pocket Part, 18 U.S.C.A. Section 3282 and United States v. Reina, 2 Cir., 242 F.2d 302, 305. The amendment of the Statute of Limitations was made effective with respect to offenses committed after the date of its enactment as well as to those committed prior to such date, if, at that time, prosecution therefor was not barred by the provisions of law then in effect. 18 U.S.C.A. Section 3282 note. On September 1, 1954, the date of the amended Act, prosecution of appellant for offenses committed in "the latter part of 1952 or the early part of 1953," was not barred by the provisions of the three year Statute of Limitations which was in effect prior to the time of the amended Act. The defense of the Statute of Limitations now urged by appellant is therefore without merit.

With regard to appellant's contention that the counts on which he was sentenced refer to a count which was dismissed, it is the rule that the dismissal of a count does not necessarily vitiate later counts making reference to it, if the reference is sufficiently full to incorporate the matter in the later counts. Barnard v. United States, 9 Cir., 16 F.2d 451. The reference to the prior count in this case sufficiently incorporates the matter in the counts in question.

As to the contention advanced that appellant was deprived of his constitutional right to a speedy trial, it appears that the indictment was filed, as above mentioned, on November 22, 1955; and the pleas of guilty were entered December 5, 1955. Appellant appears to argue that his constitutional rights were violated because the government did not commence its prosecution of him at an earlier period; but he cannot complain that he was not sooner indicted. The provisions of the Sixth Amendment guaranteeing a speedy trial to anyone charged with an offense, contemplates a pending charge and not the mere possibility of a criminal charge. There is no substance to appellant's claim that the government was guilty of laches in bringing its prosecution.

In accordance with the foregoing, the order of the District Court denying appellant's Motion to Vacate Sentence is affirmed.