**STATE of Tennessee, Appellee,**

v.

**Edward Frank HENRY, Defendant–Appellant.**

Supreme Court of Tennessee, at Nashville.

May 18, 1992.

Dan R. Alexander, Nashville, for defendant-appellant.

Charles W. Burson, Atty. Gen. & Reporter, Bettye Springfield–Carter, Asst. Atty. Gen., Nashville, for appellee.

OPINION

DROWOTA, Justice.

In this appeal, Defendant Edward Frank Henry challenges his convictions on two counts of aggravated rape and two counts of incest. For the reasons set forth below, we affirm Defendant's aggravated rape convictions but reverse his incest convictions.

In February 1987, Defendant was indicted for 16 counts of alleged sexual abuse of his granddaughter. The indictments alleged the offenses occurred between April 1980 and April 1983. In October 1987, a Cheatham County jury found Defendant guilty of two counts each of aggravated rape and incest. Specifically, Defendant was found guilty, under Indictment 10197A, of rape and incest occurring between April 1, 1981 and June 30, 1981, and, under Indictment 10197B, of rape and incest occurring between July 1, 1981 and September 30, 1981.

The trial court then granted Defendant's motion that he undergo presentence examination to determine whether he was in need of psychiatric treatment. In September 1988, the results of these examinations were made available to the trial court. In November 1988, the trial court sentenced Defendant to serve 40 years for each aggravated rape conviction, and 5 years for each incest conviction; all sentences were to run concurrently.

In January 1989, pursuant to Defendant's Petition for Writ of Habeas Corpus, the trial court vacated Defendant's sentences finding that, because Defendant's offenses occurred prior to July 1, 1982, it had impermissibly sentenced Defendant under the Tennessee Criminal Sentencing Reform Act of 1982.[1] Thus recognizing its error, the trial court ordered a new jury impaneled to sentence Defendant according to the dictates of T.C.A. § 40–20–107 (1982).

On March 9, 1989, a new sentencing hearing was held. At this hearing, Defendant waived his right to have a jury impose sentence and, instead, entered into an agreement with the State whereby the minimum sentence of 20 years for each aggravated rape, and 5 years for each incest conviction, would be imposed. The parties agreed the trial court would determine whether the sentences would be served consecutively or concurrently.

The trial court approved the parties' agreement and ordered the agreed sentences to run consecutively[2]; this notwithstanding that the trial court had, at the November 1988 sentencing, ordered Defendant's sentences to run concurrently.

The Court of Criminal Appeals affirmed Defendant's convictions; however, it reversed that portion of the trial court's judgment ordering Defendant to serve his sentences consecutively and ordered that the sentences be served concurrently.

On appeal by permission to this Court, Defendant asserts his incest convictions were barred by the statutes of limitation. In addition, Defendant's application raises numerous other issues. However, the Court of Criminal Appeals correctly resolved these other issues and we decline to readdress them here. The State asks that we affirm Defendant's convictions but reverse the portion of the Court of Criminal Appeals's judgment that ordered Defendant's sentences to run concurrently.

## STATUTES OF LIMITATION

Defendant contends his incest convictions were barred by the statutes of limitation. The State counters that the applicable statute was tolled by Defendant's concealment.

In order to decide whether Defendant concealed his crimes so as to toll the statutes of limitation, we must first identify the applicable statutes. The pertinent provisions are as follows:

> Any person may be prosecuted, tried and punished for any offense punishable with death or by imprisonment in the

---

1. The Tennessee Sentencing Reform Act of 1982, T.C.A. §§ 40–35–101 to –504 (1982), provided that the trial court fix the term of imprisonment for noncapital crimes occurring after July 1, 1982. *See id.* at § 40–35–112(a), –203(a) (1982).

2. Defendant was convicted on two indictments. Count I of each indictment charged aggravated rape; Count II of each charged incest. At the March 9 sentencing, the court ordered that the sentences for Counts I and II of each indictment be served concurrently, but that the sentences resulting from each of the separate indictments be served consecutively. Defendant was thus given an effective sentence of 40 years.

penitentiary during life, at any time after the offense shall have been committed. T.C.A. § 40–201 (1975) (currently codified at T.C.A. § 40–2–101(a) (1990)).

Prosecution for any offense punishable by imprisonment in the penitentiary, other than [those punishable by life imprisonment or by imprisonment for five years or less], shall be commenced within four (4) years next after the commission of the offense. T.C.A. § 40–203 (1975) (current version at T.C.A. § 40–2–101(a) to –101(e) (1990)).[3]

No period, during which the party charged conceals the fact of the crime ... is included in the period of limitation. T.C.A. § 40–205 (1975) (currently codified at T.C.A. § 40–2–103 (1990)).

Because, at the time of the offenses, aggravated rape was punishable by life imprisonment[4], see T.C.A. § 39–3703(b) (Supp.1981), Defendant does not challenge the timeliness of his aggravated rape prosecutions. See id. at § 40–201 (1975) (quoted above).

Defendant does, however, challenge the timeliness of his incest convictions. At the time of his offenses, incest was punishable by a term of imprisonment not to exceed 21 years, see T.C.A. § 39–705 (1975)[5], and therefore, in the absence of concealment, Defendant's incest prosecutions must have been commenced within four years after the commission of the offenses. See id. at § 40–203 (1975) (quoted above).

The four-year limitation period for the Indictment 10197A incest offense expired June 30, 1985; the four-year period for the Indictment 10197B incest offense expired September 30, 1985. Both incest prosecutions were commenced on February 9, 1987, with the return of the indictments. See T.C.A. § 40–2–104 (1990). Therefore, unless Defendant "conceal[ed] the fact of the crime," id. at § 40–205 (1975) (quoted above), the prosecutions were time-barred.

Against this background, we must evaluate the State's contention that Defendant's actions constituted concealment so as to toll running of the statute. While the victim testified that Defendant "would always remind me that [the abuse] was our secret and for me not to tell anyone," she denied that Defendant threatened her. Taken in its entirety, the record reflects that the young victim did not report the abuse because she did not want to harm the family unit or any of its individual members.

The Court of Criminal Appeals stated that "[t]he crimes here were committed against the child by her grandfather who accomplished the acts and prevented the reporting of them by reason of his family authority over the child." The intermediate court stated that "the statute does not begin to run until the child is no longer subject to the parental authority that committed the crimes." The proof demonstrates that the victim remained subject to Defendant's parental authority until April 1983. The Court of Criminal Appeals therefore held that the four-year limitation period began running in April 1983, resulting in the February 1987 indictments being timely institutions of the prosecutions.

■ Because we find that parental control alone[6] is insufficient to constitute con-

3. Section 40–2–101 was amended in 1985 to provide that certain sexual offenses against children must be "commenced no later than the date the child attains the age of majority or within four (4) years next after the commission of the offense, whichever occurs later." Act of June 18, 1985, ch. 478, § 21, 1985 Tenn.Pub.Acts 1094. However, contrary to the State's contention, this amendment does not control any of the present prosecutions. See T.C.A. § 40–2–101(e) (1990) ("For offenses committed prior to November 1, 1989, the limitation of prosecution in effect at that time shall govern.").

4. Aggravated rape is presently a Class A felony, T.C.A. § 39–13–502(b) (1991), carrying a maxi-

mum imprisonment term of 60 years. See id. at § 40–35–111(b)(1) (1990).

5. Incest is presently a Class C felony, T.C.A. § 39–15–302(b) (1991), carrying a maximum imprisonment term of 15 years. See id. at § 40–35–111(b)(3) (1990).

6. We find persuasive the Indiana Supreme Court's finding that parental control, when coupled with positive acts of intimidation, sufficiently constitutes concealment so as to toll the statute. See Crider v. State, 531 N.E.2d 1151, 1154 (Ind.1988) (threats that children would be "put ... in the hospital" and would "never see the light of day" if they did not cooperate).

cealment under section 40–205 (1975) (currently section 40–2–103), we reverse the portion of the Court of Criminal Appeals's judgment that held institution of the incest prosecutions was timely.

■ As stated by the United States Supreme Court:

The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity.

*Toussie v. United States*, 397 U.S. 112, 114–15, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970). To further the purpose of protecting individuals from having to defend against stale charges, statutes of limitation should be liberally construed in favor of a criminally accused. *See, e.g., United States v. Marion*, 404 U.S. 307, 322 n. 14, 92 S.Ct. 455, 464 n. 14, 30 L.Ed.2d 468 (1971); *State v. Nuss*, 235 Neb. 107, 117, 454 N.W.2d 482, 487 (1990). Exceptions that extend the limitation period, such as a provision tolling the statute during periods of concealment, are to be strictly construed against the state. *See State v. Mills*, 238 Kan. 189, 707 P.2d 1079, 1081 (1985).

We agree that "[i]t is not the province of the court to fashion exceptions to the statute of limitations as that task is left to the legislature." *Id.* While we express no opinion on the propriety of a future legislative mandate equating parental control with concealment in child sexual abuse cases, examination of the Legislature's recent amendment of the statute of limitation governing child sexual abuse prosecutions

convinces us that such an equation is not presently intended.

Section 40–2–101 was amended in 1985 to provide that certain sexual offenses against children must be "commenced no later than the date the child attains the age of majority or within four (4) years next after the commission of the offense, whichever occurs later." [7] Act of June 18, 1985, ch. 478, § 21, 1985 Tenn.Pub.Acts 1094. By allowing institution of prosecution up until the age of majority, this amendment recognized the peculiar problem of gaining information concerning the sexual abuse of young children. Were we, however, to equate parental control with concealment, we would effectively eviscerate the above legislative determination by replacing it with a judicial pronouncement that minor children who live with their parents have four years *after attaining the age of majority* to bring sexual abuse charges against these parents. This we refuse to do.

The Court of Criminal Appeals's judgment upholding the incest convictions is accordingly reversed.

### CONSECUTIVE SENTENCES

The State asserts that the Court of Criminal Appeals erred by reversing the trial court's determination that Defendant serve his sentences consecutively. We find the Court of Criminal Appeals correctly applied the criteria set forth in *State v. Taylor*, 739 S.W.2d 227 (Tenn.1987), and *Gray v. State*, 538 S.W.2d 391 (Tenn.1976), and accordingly affirm the intermediate court's determination that the sentences be served concurrently.

For the foregoing reasons, the judgment of the Court of Criminal Appeals is affirmed in part and reversed in part. Defendant's aggravated rape convictions are affirmed, the sentences to be served concurrently. Defendant's incest convictions are reversed and dismissed, being barred by the statutes of limitation. Costs are taxed equally to the parties.

---

**7.** While this amended limitation period does not govern the present prosecutions, it is relevant in determining the Legislature's understanding of the legal ramifications of both current and prior law.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.