**John Henry MORGAN, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

Sept. 3, 1992.

Permission to Appeal Denied by Supreme Court Dec. 14, 1992.

R.N. (Bo) Taylor, Nashville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Ellen H. Pollack, Special Asst. Atty. Gen., Richard Fisher, Asst. Dist. Atty. Gen., Nashville, for State.

## OPINION

WADE, Judge.

The petitioner, John Henry Morgan, appeals the trial court's denial of post-conviction relief. The sole issue presented for review is whether the petitioner received the effective assistance of counsel at trial as to three of the four counts for which he was convicted.

We hold that he did not and vacate the convictions on counts 2, 5 and 6. The conviction on count 1, resulting in a 30–year sentence, has not been challenged in this appeal.

In April 1988, the petitioner was indicted for six counts of sexual abuse of four minor children. Counts 1 and 3 charged aggravated rape, counts 2 and 4 charged aggravated sexual battery, and counts 5 and 6 charged the use of a minor for obscene purposes. The acts of abuse for which the petitioner was ultimately convicted allegedly took place during 1980, 1981, and 1982. A jury found the petitioner guilty of all counts except 3 and 4, events which allegedly occurred in 1985 and 1986. The jury imposed sentences of 30 years on count 1 (on a maximum of life); 25 years on count 2; and 8 to 16 years each on counts 5 and 6. The petitioner was fined $500.00 each on counts 5 and 6. The trial court found the petitioner to be a dangerous offender and ordered consecutive sentencing. The effective sentence is 71 to 87 years.

The petitioner argues that his trial counsel was ineffective for having failed to determine whether the statute of limitations barred his prosecution for the aggravated sexual battery and two instances of use of a minor for obscene purposes, counts 2, 5, and 6 of the indictment.[1] Conviction on those counts resulted in an additional sentence of 41 to 57 years.[2]

In order for the petitioner to be granted relief on the grounds of ineffective assistance of counsel, he must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of the trial would have been different. *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The burden is on the petitioner to show that the evidence preponderated against the findings of the trial judge. *Clenny v. State*, 576 S.W.2d 12 (Tenn.Crim.App.1978). Otherwise, the findings of fact, including any assessment of witness credibility, are conclusive. *See Graves v. State*, 512 S.W.2d 603 (Tenn.Crim.App.1973).

At the time of these offenses, the applicable statute of limitations provided as follows:

> Prosecution for any offense punishable by imprisonment in the penitentiary, other than [those punishable by life imprisonment or by imprisonment expressly limited to five years or less], shall be commenced within four (4) years next after the commission of the offense.

Tenn.Code Ann. § 40–203 (Supp.1981) (later codified as Tenn.Code Ann. § 40–2–101(c)).

In 1985, however, this statute was amended to provide that certain sexual offenses (including those alleged in this instance) against children must be "commenced no later than the date the child attains the age of majority or within four (4) years next after the commission of the offense, whichever occurs later." Act of June 18, 1985, ch. 478, § 21, 1985 Tenn. Pub. Acts 1094.

Aggravated sexual battery, at the time of these offenses, was punishable by a term of imprisonment not less than five years nor more than 35 years. Tenn.Code Ann. § 39–3704 (Supp.1981) (later codified as Tenn.Code Ann. § 39–2–606(b)(1982)). Use of minors for obscene purposes was punishable by imprisonment for not less than three nor more than 21 years. Tenn. Code Ann. § 39–1020 (Supp.1981) (later codified as Tenn.Code Ann. § 39–6–1137 (1982)). The 1988 indictments on the three convictions at issue all occurred more than four years after the offenses. As to that, there is no dispute. The statute of limitations, however, is tolled during periods of concealment: "No period, during which the party charged conceals the fact of the crime ... is included in the period of limitation." Tenn.Code Ann. § 40–2–103.[3] If the petitioner "conceal[ed] the fact of the crime," prosecution for counts 2, 5 and 6 was not time-barred.

Trial counsel testified that she researched the issue of the statute of limitations and determined that the prosecutions were timely. In consequence, she found no reason to file a pre-trial motion asserting defects in the indictment. At the post-conviction hearing, the following exchange took place:

---

1. The petitioner also contends that his counsel only met with him approximately two hours total and was unprepared for trial. Although he claims his counsel failed to secure certain witnesses, the petitioner refused to disclose the names and did not present witnesses at his evidentiary hearing. The petitioner also refused to divulge what defense his trial counsel had failed to prove. The petitioner does not appeal the judgment of the trial court on these grounds.

2. At the time of the offenses, aggravated rape was punishable by life imprisonment; thus, the prosecution for that offense was not barred by the statute of limitations. Tenn.Code Ann. § 40–203 (Supp.1981).

3. This statute was formerly codified at Tenn. Code Ann. § 40–205 (Supp.1981).

*Post-conviction counsel:* The dates of the accusations are 1980 and 1981 and 1982.

Do you recall what the statute of limitations was at that time on that particular crime?

*Trial counsel:* Mr. Taylor, I don't.... [I]t was researched at the time, but right now, I don't remember.

*Post-conviction counsel:* If I told you four years was the statute at that time, would that be—

*Trial counsel:* I'm just telling you that I don't recall. Now if it was—that doesn't sound reasonable because I'm assuming that we would have caught that in our research, and therefore, would have filed an appropriate motion....

*Post-conviction counsel:* In other words, if four years was correct, then something was missed?

*Trial counsel:* Yes, I would say so.

At the conclusion of the proceeding, the trial court made the following observations:

On the issue of the statute of limitations, it looks to me as if the *Parker* case is right on point.... The amendment of the statute of limitations was made effective with respect to offenses committed after the date of its enactment as well as those committed prior to such date if at that time prosecution therefore was not barred by the provisions of law then in effect. I'm not certain just from a quick reading of that whether or not the statute itself addressed retroactive application, so I can't be certain whether *Parker* resolves the issue.... [W]hat I'm certain of is that ... under *Strickland,* as part of the ineffective assistance allegation, ... it is correct that had the issue been raised pretrial, and had defense counsel prevailed in saying that the indictment as it stood was inadequate, the remedy would have been for the State to amend to add the necessary language. Then it would have been further the obligation of the State to pres-

ent proof in support of the allegation, and *we know from the record in this case that the proof existed,* because it is in the record, so the point is that there is no prejudice, even if it was barred.

(Emphasis added.)

▮▮▮ The trial court determined that *Parker v. United States,* 252 F.2d 680 (6th Cir.1958) supported a finding that the 1985 amendment to Tenn.Code Ann. § 40–2–101 operated as a savings statute with respect to the prosecution of these offenses. Thus, crimes which would not have been barred by the four-year statute of limitations at the time of the 1985 amendment would be subject to the lengthier limitations period. We find other authority controls.[4]

In *State v. Tidwell,* 775 S.W.2d 379, 389 (Tenn.Crim.App.1989), this court held that offenses which occurred before the amendment became law would not be affected; that is, the statute of limitations for those crimes committed before the act could not be lengthened. In *State v. Henry,* 834 S.W.2d 273 (Tenn.1992), our Supreme Court confirmed that the 1985 amendment did not apply to offenses occurring before the amendment's effective date. *State v. Edward Frank Henry,* 834 S.W.2d 273, at 275 (Tenn.1992). As a parallel to that rationale, our current legislation, Tenn.Code Ann. § 40–2–101(e), now expressly provides that "[f]or offenses committed prior to November 1, 1989, the limitation of prosecution in effect at that time shall govern." From all of this, we conclude that the 1985 amendment to the statute of limitations did not retroactively apply to any offense which occurred before its effective date.

The trial court found, however, that irrespective of the application of the *Parker* decision, the proof at trial was sufficient to toll the statute pursuant to Tenn.Code Ann. § 40–2–103. It reasoned that had the issue of the indictment been "subject to pretrial attack, the State could have cured any defect by either seeking an amendment to the indictment or by obtaining a superseding

---

**4.** Unless statutes of limitation are retrospective in terminology, they do not apply to prior crimes. 22 C.J.S. *Criminal Law* § 197 (1989). Under the *Parker* rationale, which extended a

statute of limitations for crimes which were not already time-barred, offenses occurring since July 1981 could have been prosecuted.

indictment from the Davidson County Grand Jury." While implicitly finding that trial counsel's performance may have been deficient, the trial court reasoned that the petitioner was not prejudiced by the inaction. Again, we disagree.

When there is a prosecution after the expiration of the statute of limitations, the indictment or presentment must contain allegations that certain specific facts tolled the statute of limitations. Proof must support those allegations. *State v. Comstock*, 205 Tenn. 389, 326 S.W.2d 669, 671 (1959); *State v. Hix*, 696 S.W.2d 22, 25 (Tenn.Crim.App.1984). The state may, however, amend the charging indictment by alleging the specific facts which served to toll the statute. *State v. Davidson*, 816 S.W.2d 316, 319 (Tenn.1991); *Tidwell*, 775 S.W.2d at 389. If the indictment does not contain sufficient facts to toll the statute of limitations, or the state fails to prove sufficient facts to toll the statute of limitations at trial, the accused cannot be convicted of the offense. *Id.* Here, we find that the facts placed in proof, even if they had been alleged in the indictment, were insufficient under current guidelines.

One victim, L.H.,[5] was four or five years old when the offenses took place. She testified at trial that the petitioner, her grandfather, on a single occasion told her not to tell anyone or he would whip her. She did state that she was afraid of the petitioner. On the other hand, she was about ten years old when she first told her aunt and mother of the petitioner's behavior. Over this period of time, L.H. did not live in the same household with the petitioner. The alleged acts of abuse occurred only during short visitation periods with her grandfather. The most recent incident was some six years before the indictment.

The male victims, counts 5 and 6, were no more than eight or ten years old when the offenses occurred. D.H., age 14 at the time of trial, testified that the petitioner had never threatened him; he remained silent because of a generalized fear of telling anyone. D.H., his 16–year–old brother, testified that he never told anyone because "[i]t was embarrassing."

In *Tidwell*, this court set aside convictions even though the defendant directed the victims not to tell anyone about the sexual contact. The court observed that the victims had ample opportunity to tell their parents, siblings, relatives and friends about the criminal acts. Yet none of the victims were threatened by the defendant. On those facts, this court held that the proof failed to establish concealment of the offenses; in consequence, the statute of limitations was not tolled.

In *State v. Bentley*, 239 Kan. 334, 721 P.2d 227, 230 (1986), a cased cited with approval by our opinion in *Tidwell*, an uncle who had sexual contact with his young niece threatened harm to the child if she told of the encounter. The Kansas Supreme Court held that the statements of the uncle could not be equated with concealment of the offense. In *Sears v. State*, 182 Ga.App. 480, 356 S.E.2d 72, 74 (1987), the Georgia Court of Appeals ruled that a victim's infancy, lack of awareness of the criminal nature of the accused's conduct, and/or the victim's fear of the accused does not toll the statute of limitations.

In the recent decision of *State v. Henry*, 834 S.W.2d 273 (Tenn.1992), our Supreme Court held that "[t]o further the purpose of protecting individuals from having to defend against stale charges, statutes of limitation should be liberally construed in favor of a criminally accused." At 276. In contrast, provisions tolling the statute during periods of concealment are strictly construed against the state. *See State v. Mills*, 238 Kan. 189, 707 P.2d 1079, 1081 (1985). The *Henry* decision suggests that parental control is insufficient to constitute concealment:

> While we express no opinion on the propriety of a future legislative mandate equating parental control with concealment in child sexual abuse cases, examination of the Legislature's recent amend-

---

**5.** The policy of this court is not to reveal the names of child victims in crimes of this nature.

L.H. was the victim in count 2.

ment of the statute of limitation governing child sexual abuse prosecutions convinces us that such an equation is not presently intended.

Section 40-2-101 was amended in 1985 to provide that certain sexual offenses against children must be "commenced no later than the date the child attains the age of majority or within four (4) years next after the commission of the offense, whichever occurs later." Act of June 18, 1985, ch. 478, § 21, 1985 Tenn.Pub.Acts 1094. By allowing institution of prosecution up until the age of majority, this amendment recognized the peculiar problem of gaining information concerning the sexual abuse of children. Were we, however, to equate parental control with concealment, we would effectively eviscerate the above legislative determination by replacing it with a judicial pronouncement that minor children who live with their parents have four years *after attaining the age of majority* to bring sexual abuse charges against these parents. This we refuse to do.

834 S.W.2d at 276.

■ We have reviewed the records at the trial and the post-conviction hearing. In our view, the evidence presented by the state would not have tolled the statute of limitations for aggravated sexual battery, count 2 as to L.H., and use of minors for obscene purposes, counts 5 and 6 as to the male victims. The defendant was not a parent. He had only occasional visitation. The male victims were not threatened in any way. The young female victim was threatened on only one occasion, approximately six years before the indictment. On the authority of *Tidwell* and the cases upon which our court relied in that opinion, we hold that the proof was inadequate to support a tolling of the statutes of limitation.

In summary, the trial court did not have subject-matter jurisdiction. The failure on the part of trial counsel to raise the statute of limitations represented a deficiency in performance:

> Counsel must conduct appropriate investigations, both factual and legal, to determine what matters of defense can be

developed. The Supreme Court has noted that the adversary system requires that "all available defenses are raised" so that the government is put to its proof.... [O]f course, the duty to investigate also requires adequate legal research.

*United States v. DeCoster*, 487 F.2d 1197 (1973); *see Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975).

Prejudice resulted. The petitioner would have been entitled to a dismissal of counts 2, 5 and 6 of the indictment had the limitations issued been raised. Sentences were from 41 to 57 years greater than the petitioner would have received without those convictions.

■ A conviction for a time-barred crime clearly violates the constitutional rights of an accused. *State v. Seagraves*, 837 S.W.2d 615 (Tenn.Crim.App.1992). In *Seagraves* our court held as follows:

> When the General Assembly created time limitations on the prosecution of certain enumerated crimes, it declared that it would not prosecute an individual for the commission of these crimes after the expiration of the designated period. Tenn. Code Ann. § 40-2-101, *et. seq. See People v. McGee*, 1 Cal.2d 611, 36 P.2d 378, 379 (1934). Concomitantly, a substantive right was created which prevented the State from prosecuting citizens for an offense that is barred by the statute of limitations. *Spears v. State*, 26 Ala.App. 376, 160 So. 727, 728-729 (1935); *People v. Morgan*, 75 Cal.App.3d 32, 141 Cal. Rptr. 863, 866-867 (1977); *Tucker v. State*, 417 So.2d 1006, 1012 (Fla.Dist.Ct. App.1982); *State v. Stillwell*, 175 N.J.Super. 244, 418 A.2d 267, 270-271 (1980). This right creates an absolute bar to the prosecution of a criminal offense after the expiration of the period designated by the statute of limitations, *Stillwell*, 175 N.J.Super. 244, 418 A.2d at 271; and it deprives the court of subject-matter jurisdiction. *Spears v. State*, 160 So. at 728-729; *People v. Morgan*, 141 Cal. Rptr. at 866-867; *Tucker v. State*, 417 So.2d at 1012; *State v. Stillwell*, 418 A.2d at 271-272.

The petitioner was deprived of his right to the effective assistance of counsel by trial counsel's failure to seek relief from prosecution barred by the statute of limitations. The convictions and fines in counts 2, 5, and 6 are vacated.

SCOTT, P.J., and BIRCH, J., concur.