John OVERTON, Appellant,

v.

STATE of Tennessee, Appellee.

Supreme Court of Tennessee, at Nashville.

March 28, 1994.

Charles S. Bloodworth, Asst. Public Defender, Clarksville, for appellant-applicant.

Charles W. Burson, Atty. Gen. and Reporter, Merrilyn Feirman, Asst. Atty. Gen., Nashville, for appellee-respondent.

## *OPINION*

DROWOTA, Justice.

John Overton appeals from the Court of Criminal Appeals' affirmance of the trial court's partial denial of his petition for post-conviction relief. Overton filed this petition, alleging that he had been denied the effective assistance of counsel guaranteed by the Sixth Amendment of the federal constitution, following his conviction on fifteen counts of sex offenses involving minors.[1] This case presents for our review three issues, two of which concern the appropriate statute of limitations for the prosecution of child sexual abuse cases, and one which concerns counsel's duty to object to erroneous jury instructions. The first statute of limitations issue is broad and may be stated as follows: whether the amendment extending the statutory period of limitations in child sexual abuse cases—Tenn.

---

1. Overton received an effective sentence of life imprisonment plus thirty years for these counts. After the post-conviction court dismissed the convictions on five of the counts, Overton's effective sentence was reduced to thirty years.

Code Ann. § 40–2–101(d), which took effect July 1, 1985—may be applied to offenses occurring before the effective date of the amendment whose statutory period of limitations had not expired as of that date. The other statute of limitations issue deals with the particular circumstances of this case, specifically Count 9, as discussed below. The jury instructions issue is also narrow, and it specifically concerns count 6, as discussed below.

### THE PROCEDURAL HISTORY

John Overton was indicted on December 8, 1987, on fifteen counts of aggravated rape, rape, aggravated sexual battery, and sexual battery because of his alleged attacks on his two stepdaughters. The counts pertinent to this appeal, the statutory period of limitations applicable to those counts at the time the offenses were committed, and the date on which the period of limitations would have expired from a straightforward reading of the statutes, are as follows:

*Count 1:* Charged aggravated sexual battery [at that time, Tenn.Code Ann. § 39–2–606] of stepdaughter "L" between August 1980 and June 1981. Because that offense was punishable by incarceration for a period of 5–35 years, the statute of limitations was four years. The period of limitation expired, by its terms, in June 1985.

*Count 4:* Charged aggravated sexual battery of stepdaughter "T" between August 1978 and May 1979. The statute of limitation for this offense was four years. The period of limitation expired, by its terms, in May 1983.

*Count 5:* Charged aggravated sexual battery of stepdaughter "T" between August 1978 and May 1979. The statute of limitations for this offense was four years. The period expired, by its terms, in May 1983.

*Count 6:* Charged aggravated rape [at that time, Tenn.Code Ann. 39–2–603(a)(4) ] of "T" between August 1978 and May 1979. Because that offense was punishable by incarceration for life at that time, the statute of limitations was unlimited. Tenn. Code Ann. § 40–201 (1975 replacement); Tenn.Code Ann. § 40–2–101(a) (1982 replacement).

*Count 7:* Charged sexual battery [at that time, Tenn.Code Ann. § 39–2–607, 39–2–604(a) ] of "T" between August 1983 and June 1984. Because that offense was punishable by incarceration for a period of less than five years, the statute of limitations for this offense was two years. The period of limitations expired, by its terms, in June 1986.

*Count 8:* Charged sexual battery of "T" between August 1983 and June 1984. The statute of limitations for this offense was two years. The period of limitation expired, by its terms, in June 1986.

*Count 9:* Charged rape of "T" between August 1983 and June 1984. Because that offense was punishable by incarceration for 5–20 years, the statute of limitations was four years. The period of limitation expired, by its terms, in June 1988.

After being convicted on all counts, Overton filed his petition, alleging that counsel was constitutionally ineffective for two principal reasons: (1) for failing to raise the defense of the statute of limitations with respect to the above-mentioned counts; and (2) for failing to object to an erroneous jury instruction regarding aggravated rape—count 6. After hearing oral argument on the petition, the post-conviction court held that Overton's trial counsel had rendered ineffective assistance of counsel by failing to raise statute of limitations defenses with respect to counts 1, 4, 5, 7 and 8. The post-conviction court dismissed the convictions on these counts; however, it refused to grant the requested relief as to counts 6 and 9. The court held that because count 6—aggravated rape—carried a possible punishment of incarceration for life, and hence afforded the State unlimited time in which to bring an indictment, counsel was not deficient in failing to raise a statute of limitations defense. As to count 9, the post-conviction court noted that the four year statutory period of limitations would have expired if the offense had occurred between August 1983 and December 7, 1983. The court held, however, that because only 3 years and 7 months elapsed from the last possible date the offense could have occurred (June 1984) to the return of the indictment (December 8, 1987), the count

was not facially vulnerable to a statute of limitations defense, and counsel was therefore not constitutionally ineffective for failing to raise the defense. The post-conviction court also rejected Overton's second argument: that counsel's failure to object to the trial court's omission of the elements of "force" and "resistance" from its instructions on the law of aggravated rape, when these elements were required by the law at the time the offense was committed, and when no proof of force was submitted by the State, deprived him of the effective assistance of counsel. The court stated that the instructions, when considered in their entirety, were adequate. Overton appealed to the Court of Criminal Appeals.

In affirming the judgment of the post-conviction court, the Court of Criminal Appeals first noted the standard for testing the constitutional effectiveness of counsel as set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): that the defendant must show (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. In regard to count 9, the Court stated that even if counsel had been negligent in failing to raise the statute of limitations defense, Overton had failed to show that the offense occurred on or before December 7, 1983, or four years before the indictment was returned, and had therefore failed to prove that he was prejudiced by the error. As to the jury instruction issue on count 6, the Court held that the issue had been waived. Overton filed a Rule 11 application with this Court, which was granted.

## I.

## THE 1985 AMENDMENT

■ Before we address the specific issues in regard to counts 6 and 9, we believe it necessary to address the broad question of the retroactivity of the 1985 amendment to the statute of limitations in child sexual

abuse cases. This issue, which is of paramount importance to both prosecutors and the defense attorneys involved in these types of cases, has never been the subject of a direct holding by this Court.[2] We note that if the amendment can be applied retroactively, counts 7, 8 and 9 would be revived, and Overton's argument with regard to count 9 would be rendered moot.

In 1985 the Legislature chose to extend the statutory period for prosecuting child sexual abuse cases until either (1) the minor reached the age of majority or (2) until four years had passed from the time the offense was committed, whichever was later. 1985 Tenn.Pub.Acts 1094, now codified as Tenn. Code Ann. § 40–2–101(d). The statute, by its terms, did not indicate if the extended period of limitation was to be applied to offenses occurring before the effective date of the statute—July 1, 1985—whose applicable period of limitations had not expired as of the effective date. Several appellate decisions since the passage of the amendment have, however, spoken to the issue of the retroactivity of the amendment. The first of the decisions, *State v. Tidwell*, 775 S.W.2d 379 (Tenn.Cr.App.1989), involved the prosecution of the defendant on 45 counts of unlawful sexual contact with minors which had allegedly occurred from 1981 to 1986. Although the primary issue in the case was whether the defendant had concealed the facts of the crime so as to toll the statute of limitations, see Tenn.Code Ann. § 40–2–103, the Court of Criminal Appeals did address the applicability of the 1985 amendment to the case. The Court stated:

> This statute [§ 40–2–101] would only be applicable to the offenses charged in Count 24, statutory rape, which is alleged to have occurred on August 15, 1986, and Count 41, crime against nature, which is alleged to have occurred in July of 1985. The offenses charged in the remaining counts of the presentment occurred before the enactment of the statute; and the date for

2. This issue has, however, been addressed by the Court of Criminal Appeals and by this Court in dicta.

the prosecution of these offenses would not be affected.

775 S.W.2d at 389.

The next decision dealing with this issue, *State v. Henry*, 834 S.W.2d 273 (Tenn.1992), contained similar language regarding the retroactivity of the amendment. In *Henry* the defendant was indicted in February 1987 for, *inter alia*, committing incest with his granddaughter between April 1, 1981, and June 30, 1981; a second indictment charged that the defendant had committed incest with the granddaughter between July 1, 1981, and September 30, 1981. Because at that time incest was punishable by a term of imprisonment not to exceed 21 years, the statutory period of limitations for the offense was four years. Although the central issue in *Henry*, as in *Tidwell*, was whether the defendant had concealed the facts of the crime so as to toll the statute of limitations, we rejected in dicta the State's contention that the 1985 amendment controlled the prosecutions of the incest charges:

> Section 40–2–101 was amended in 1985 to provide that certain sexual offenses against children must be "commenced no later than the date the child attains the age of majority or within four years next after the commission of the offense whichever occurs later." Act of June 18, 1985, ch. 478, § 21, 1985 Tenn.Pub.Acts 1094. However, contrary to the state's contention, this amendment does not control any of the present prosecutions. ("For offenses committed prior to November 1, 1989, the limitation of prosecution in effect at that time shall govern.")

834 S.W.2d at 274, n. 3.

The final decision addressing the retroactivity of the 1985 amendment is *Morgan v. State*, 847 S.W.2d 538 (Tenn.Cr.App.1992), a case almost directly on point with the present situation. In *Morgan* the defendant was indicted in April 1988 on six counts of sexual abuse of minor children; the acts allegedly occurred during 1980, 1981, and 1982. The defendant was convicted on one count of aggravated rape, one count of sexual battery, and two counts of the use of a minor for obscene purposes. The statute of limitations of the sexual battery and obscene use counts

was four years at the time the offenses were committed. After his conviction, the defendant filed a petition for post-conviction relief, alleging that he had been denied the effective assistance of counsel because his trial counsel had failed to raise statute of limitations defenses with respect to the sexual battery and obscene use counts. The Court of Criminal Appeals held that the petitioner had been denied the effective assistance of counsel. In so doing, the Court rejected the trial court's observation that the 1985 amendment served to revive untimely indictments whose statutory period of limitations had not expired as of the date of the amendment. The Court stated:

> The trial court determined that *Parker v. United States*, 252 F.2d 680 (6th Cir.1958) supported a finding that the 1985 amendment to Tenn.Code Ann. § 40–2–101 operated as a saving statute with respect to these offenses. Thus, crimes which would not have been barred by the four-year statute of limitations at the time of the 1985 amendment would be subject to the lengthier limitations period. We find other authority controls.
>
> In *State v. Tidwell*, 775 S.W.2d 379, 389 (Tenn.Cr.App.1989), this court held that offenses which occurred before the amendment became law would not be affected; that is, the statute of limitations for those crimes committed before the act could not be lengthened. In *State v. Henry*, 834 S.W.2d 273 (Tenn.1992), our Supreme Court confirmed that the 1985 amendment did not apply to offenses occurring before the amendment's effective date. As a parallel to that rationale, Tenn.Code Ann. § 40–2–101(e) now expressly provides that "for offenses committed prior to November 1, 1989, the limitation of prosecution in effect at that time shall govern." From all of this, we conclude that the 1985 amendment to the statute of limitations did not retroactively apply to any offense which occurred before its effective date.

847 S.W.2d at 541.

The foregoing decisions, coupled with the legislative mandate in Tenn.Code Ann. § 40–2–101(e) that "for offenses committed prior to November 1, 1989, the limitation in effect

at that time shall govern," leave no doubt that the 1985 amendment should not be retroactively applied. Although we recognize that other jurisdictions have allowed extensions of statutory periods of limitations in criminal cases to be applied retroactively on the theory that no right of the defendant's has been abridged by the extension until his right to be free from prosecution vests—in other words, until the prior period of limitation expires—our caselaw and legislative pronouncements permit no such result.[3]

## II.

■ The next issue for our determination is whether the Court of Criminal Appeals erred in holding that Overton failed to carry his burden of showing that counsel's failure to raise the statute of limitations defense with respect to count 9 caused him actual prejudice under the second prong of the *Strickland* test. More specifically, we must determine whether the Court was correct in holding that Overton was required to prove at the evidentiary hearing of his petition for post-conviction relief that the offense was in fact committed, or more probably than not was committed, between August 1983 and December 7, 1983. Although our research has not revealed any authority pertaining to the applicable burdens of proof in this specific context, we are of the opinion that the Court of Criminal Appeals ruled correctly. On post-conviction petitions alleging the ineffective assistance of counsel, the burden is clearly on the defendant to show both the unreasonableness of the counsel's performance and the actual prejudice resulting from that performance. *Strickland v. Washington,* 466 U.S. at 690–694, 104 S.Ct. at 2066–2068. To establish actual prejudice, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068. A probability is "reasonable" if it is "sufficient to undermine confidence in the outcome" of the proceeding. *Id.* Here Overton presented nothing at the evidentiary hearing to establish that the offense occurred before December 7, 1983. Therefore, Overton has failed to establish that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

## III.

■ The final issue for our determination is whether the Court of Criminal Appeals erred in affirming the trial court's ruling that defense counsel's failure to object to the jury instructions regarding the law of aggravated rape did not constitute ineffective assistance of counsel. Initially, it is obvious that the trial court's instructions regarding aggravated rape were erroneous; we therefore disagree with the post-conviction court's ruling that the instructions were substantively adequate. At the time the defendant allegedly committed the offense (August 1978—May 1979) the offense of aggravated rape did not exist. Instead, the law of rape required that the defendant penetrate the victim by the use of "force"; the law also required that the victim "have resisted in every way possible ..." Tenn.Code Ann. § 39–3701 (1975). The trial court, however, charged that the "force or coercion" necessary for a conviction on count 6 could be established by the use of "parental, custodial, or official authority over a child less than fifteen years of age." This instruction was an accurate statement of the law as it existed at the time the indictment was returned; this provision was not, however, included in the Code until April 4, 1980, almost two years after the last date on which the defendant could have committed the offense. 1980 Tenn.Pub.Acts ch. 788, § 2. Moreover, it is uncontroverted that the defendant used no force on the victims and that they consented solely because of his parental authority. Therefore, the erroneous instruction could have been instrumental in securing the defendant's conviction on count 6.

■ Although this instruction may well have constituted reversible error in this case, we agree with the Court of Criminal Appeals

---

**3.** Several jurisdictions, perhaps even a majority that have considered this issue, have relied upon this theory. *See, e.g. State v. Hogsdon,* 44 Wash. App. 592, 722 P.2d 1336 (1986); *State v. Nunn,* 244 Kan. 207, 768 P.2d 268 (1989); *Commonwealth v. Bargeron,* 402 Mass. 589, 524 N.E.2d 829 (1988); *People v. Chesebro,* 185 Mich.App. 412, 463 N.W.2d 134 (1990).

that it is not a cognizable ground for relief in a post-conviction petition. Relief may be granted on a post-conviction petition only when the sentence or conviction is void or voidable because it contravenes a state or federal constitutional right of the defendant. Tenn.Code Ann. § 40–30–105; *State v. Neal,* 810 S.W.2d 131 (Tenn.1991). Moreover, to allow every error committed by the trial court to be recast in a post-conviction petition as an ineffective assistance of counsel allegation would be to subvert the limited purposes of the post-conviction procedure. Accordingly, we affirm the judgment of the Court of Criminal Appeals on this issue.

REID, C.J., and O'BRIEN and ANDERSON, JJ., concur.

BIRCH, J., not participating.