# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JUNE 1998 SESSION



**FILED**

**August 13, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **WILLIAM CHARLES PARKER,** | ) | |
| | ) | **NO. 02C01-9711-CC-00432** |
| Appellant, | ) | |
| | ) | **HENRY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JULIAN P. GUINN,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**TERESA McCAIG MARSHALL**
308 W. Washington Street
P.O. Box 459
Paris, TN 38242-0459

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**G. ROBERT RADFORD**
District Attorney General

**STEVEN L. GARRETT**
Assistant District Attorney General
111 Church Street
P.O. Box 686
Huntingdon, TN 38344-0686

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**


The petitioner, William Charles Parker, appeals the trial court's denial of his petition for post-conviction relief. He received a life sentence after pleading guilty to first degree murder and now claims the plea was the result of ineffective assistance of counsel. The judgment of the trial court is AFFIRMED.


**I.**


The petitioner, accompanied by two (2) uncles, presented himself at the Henry County jail and stated he wished to confess to a murder. The petitioner had previously admitted to his uncles his involvement in the murder. The officers present instructed the petitioner not to make any statement until counsel had been obtained.


The petitioner's appointed counsel arrived at the jail a short time later. The attorney was informed by the officers that they had been told by several persons that the defendant had admitted his involvement in the murder, and that the defendant had been seen with the victim within hours of the murder. The petitioner informed counsel that he was worried about his "soul" and wished to confess to clear his conscience. Counsel informed the petitioner that he could not be forced to give a statement or testify against himself, and that the state would be forced to prove their case against him without that evidence. Counsel also discussed possible defenses with petitioner, including presenting evidence of diminished capacity. Counsel testified that he advised the petitioner that if he gave a statement, he should tell the truth.


The petitioner insisted upon making a statement and admitted

involvement in the murder after being read his <u>Miranda</u> rights by the officers.[1]
After giving the statement, the petitioner was formally arrested and later pled
guilty to first degree murder. Pursuant to a plea agreement, the petitioner was
sentenced to life imprisonment with the possibility of parole.

## II.

The petitioner contends that his guilty plea was the result of ineffective
assistance of counsel. The petitioner claims his counsel should not have
allowed him to give a statement to the police without an investigation to
determine whether such a statement was in the petitioner's best interests.

## A.

This Court reviews a claim of ineffective assistance of counsel under the
standards of <u>Baxter v. Rose</u>, 523 S.W.2d 930 (Tenn. 1975), and <u>Strickland v.
Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The
petitioner has the burden to prove that (1) the attorney's performance was
deficient, and (2) the deficient performance resulted in prejudice to the defendant
so as to deprive him of a fair trial. <u>Strickland v. Washington</u>, 466 U.S. at 687,
104 S.Ct. at 2064; <u>Goad v. State</u>, 938 S.W.2d 363, 369 (Tenn. 1996); <u>Overton v.
State</u>, 874 S.W.2d 6, 11 (Tenn. 1994); <u>Butler v. State</u>, 789 S.W.2d 898, 899
(Tenn. 1990).

The test in Tennessee in determining whether counsel provided effective
assistance is whether his performance was within the range of competence
demanded of attorneys in criminal cases. <u>Baxter v. Rose</u>, 523 S.W.2d at 936.
The petitioner must overcome the presumption that counsel's conduct falls within

---

[1] Unfortunately, the statement given by the defendant is not in the record.
Based upon the entire record, we assume the statement was incriminating.

3

the wide range of acceptable professional assistance. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065; Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997); State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996). Therefore, in order to prove a deficiency, a petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. at 688, 104 S.Ct. at 2065; Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Goad v. State, 938 S.W.2d at 369.

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Goad v. State, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Alley v. State, 958 S.W.2d at 149; Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. at 370.

4

**B.**

The petitioner's counsel did not specifically advise the petitioner against making a statement. The failure to do so at least raises the question of the first Strickland prong, deficient performance. However, counsel's performance must be judged in the light of the circumstances at the time, not from hindsight. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065.

Counsel was summoned to the jail on a Sunday afternoon and informed he had been appointed to represent a person who wished to confess to a murder in order to clear his conscience. Counsel had been apprised by the officers of other evidence implicating the petitioner in the murder. Counsel fully explained to the petitioner his constitutional right against self-incrimination, yet the petitioner insisted upon making a statement. Counsel advised the petitioner that if he insisted upon making a statement, to be truthful in doing so as it would inure to his benefit in sentencing. Counsel realized that petitioner faced the possibility of the death penalty.

In his excellent findings of fact, Judge Julian P. Guinn noted the following:

> Some five days following the killing that gave rise to the underlying case, petitioner revealed his involvement to two of his uncles. Following discussion, the uncles took him to the county jail for questioning. It was during this questioning that petitioner indicated that he wanted "get it off (his) conscience" by admitting guilt. Questioning was halted at that time and counsel contacted. Petitioner was not under arrest at that time. Counsel immediately came to the jail and conferred with both petitioner and his uncles. Petitioner was insistent upon admitting guilt and did so after being fully, properly and completely informed of his constitutional right against self-incrimination. An investigation that revealed every iota and scintilla of evidence available at that time would have been of no avail in view of the petitioner's adamant insistence upon admitting guilt.

This Court is bound by these findings unless the evidence preponderates

5

otherwise. <u>Henley v. State</u>, 960 S.W.2d at 578; <u>Dixon v. State</u>, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996).

Based upon the circumstances surrounding the petitioner's statement, we are reluctant to find counsel's performance deficient. Counsel was faced with a client who, according to the trial court, was "adamant" in confessing to the murder. Under the totality of the circumstances, we are unable to determine that counsel was deficient.

This issue is without merit.

## C.

In addition, the petitioner bears the burden of demonstrating that he would not have entered a plea of guilty had he not given the statement. *See* <u>Hill v. Lockhart</u>, 474 U.S. at 59, 106 S.Ct. at 320. The substance of petitioner's argument in this regard is that the statement was given before his cooperation could be used as a bargaining tool for a lighter sentence.

Petitioner's cooperation was apparently helpful in securing evidence against his co-defendant. The defendant was offered and, in fact, received a life sentence with the possibility of parole. Considering the evidence against the defendant at the time of his statement and the possibility of the death penalty if he went to trial, the petitioner has failed to show that he would not have pled guilty absent this statement.

This issue is without merit.

6

## CONCLUSION

The evidence does not preponderate against the trial court's finding that counsel was not deficient. Further, petitioner has failed to demonstrate prejudice. Accordingly, the judgment of the trial court is AFFIRMED.


_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**PAUL G. SUMMERS, JUDGE**


_____
**DAVID H. WELLES, JUDGE**