IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 12, 2015

**CURTIS DWAYNE STAGGS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Lawrence County**
**No. 31393     Stella L. Hargrove, Judge**

---

**No. M2014-01416-CCA-R3-PC – Filed June 29, 2016**

---

CAMILLE R. MCMULLEN, J., dissenting.

I dissent from the majority's conclusion affirming the trial court's denial of relief on the petitioner's aggravated robbery conviction, which extends his life sentence an additional twelve years. With regard to this conviction, I agree with the petitioner's argument that he received ineffective assistance of counsel based on trial counsel's failure to raise the statute of limitations as a defense. Here, the petitioner's indictment for aggravated robbery stated that the offense occurred on June 19, 1992. However, the indictment itself was not issued until July 29, 2010, eighteen years after the commission of the offense and ten years after the eight-year statute of limitations had expired. T.C.A. §§ 39-13-402(b), 40-1-101(b)(2). The indictment was untimely on its face because the prosecution commenced well after the expiration of the limitations period. Even though counsel explained that he did not raise the statute of limitation as a defense because it is "on hold" when "the defendant either lives out of state or conceals the crime[,]" our law requires the State to plead specific facts in the indictment to toll the statute of limitations. State v. Davidson, 816 S.W.2d 316, 318 (Tenn. 1991) (stating that the burden is on the State to "plead[] and prove[] that <u>certain specific facts</u> toll the statute of limitations") (emphasis in original); <u>see also</u> State v. Tidwell, 775 S.W.2d 379, 389 (Tenn. Crim. App. 1989) ("When an indictment or presentment is brought after the expiration of the statute of limitations, it must be pleaded and proved that certain specific facts tolled the statute of limitations."); State v. Thorpe, 614 S.W.2d 60, 65 (Tenn. Crim. App. 1980) (stating that in situations where a statute of limitations may be tolled, "the specific facts which toll the limitation period must be pleaded and proved"); State v. Comstock, 326 S.W.2d 669, 671 (Tenn. 1959) ("[W]here the indictment is brought after the period of limitations has expired, it must be pleaded and proved that certain specific facts toll the statute of limitations[.]"). The record shows that this was not done in this case.

The petitioner is particularly aggrieved because before trial he repeatedly inquired of counsel regarding the statute of limitations as a defense in this case. At the post-

conviction hearing, the petitioner admitted into evidence a November 15, 2012 letter in which counsel advised the petitioner that the statute of limitations had been tolled because, "the evidence presented by the State, [] alleged that [the offenses] occurred: that you concealed the crime and that you moved out of the State during the 8 years after the murder. Therefore, the Court allowed the prosecution to go forward." The petitioner again inquired by letter and requested counsel to show him where the court had so ruled, and there was no response from counsel. Upon my review of the trial transcript, no such hearing or ruling can be found.

"[E]xceptions which extend the limitation period, such as the provision tolling the statute during periods of concealment, should be construed strictly against the State." State v. White, 939 S.W.2d 113, 115 (Tenn. Crim. App. 1996) (citing State v. Henry, 834 S.W.2d 273, 276 (Tenn. 1992)); see also Morgan v. State, 847 S.W.2d 538, 542 (Tenn. Crim. App. 1992) ("To further the purpose of protecting individuals from having to defendant against stale charges, statutes of limitation should be liberally construed in favor of a criminally accused.") (internal quotations omitted). Furthermore, this court has held,

> If the charging instrument does not allege sufficient facts to toll the statute of limitations, or the State fails to prove sufficient facts to toll the statute of limitations at trial, the accused cannot be convicted of the offense. Consequently, an indictment or presentment which fails to allege sufficient facts to toll the statute of limitations must be dismissed; and when the charging instrument alleges sufficient facts to toll the statute of limitations, but the State fails to prove these facts during trial, the trial court must dismiss the prosecution with prejudice.

Tidwell, 775 S.W.2d at 389 (internal citations omitted).

As an initial matter, I must take exception to the majority's reliance on Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994), because their interpretation shifts the burden of proof onto the petitioner to prove that he was prejudiced by trial counsel's failure to seek relief from a prosecution barred by the statute of limitations. It is indeed well-settled law that the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense in order to obtain post-conviction relief. In Overton, however, the petitioner argued ineffective assistance of counsel based on counsel's failure to raise a statute of limitations defense when the indictment was filed within the statute of limitations period. More specifically, the indictment in Overton charged the petitioner with rape "*between August 1983 and June 1984*." Overton, 874 S.W.2d at 8. Rape carried a statute of limitations of four years; therefore, the period of limitation expired in June 1988. Id. The petitioner's indictment was issued on December

8, 1987, well before the statute of limitations expired in June 1988. In other words, the indictment was timely on its face, and the State had no obligation to plead and prove tolling of the limitations period. Accordingly, the Overton court analyzed the ineffective assistance of counsel claim under the law generally proscribed for post-conviction relief.

By contrast, in the present case, the aggravated robbery charge was untimely on the face of the indictment, and the petitioner met his burden of showing that the prosecution for this offense commenced long after the applicable limitations period had expired. Unlike in Overton, the burden shifted to the State, not the petitioner, to both plead and prove facts reflecting that the eight-year limitations period was tolled. That did not happen here.

Of equal concern is the majority's application of Morgan v. State, a case in which this court held that failure to raise statute of limitations as a defense to time-barred prosecution deprives a criminal defendant of the right to effective assistance of counsel. See Morgan, 847 S.W.2d at 543-44. Morgan involved the prosecution of multiple counts of sexual abuse committed against several minor children. There were no specific facts tolling the statute of limitations alleged in the indictment, and counsel failed to raise the statute of limitations as a defense.[1] Counsel did not file a pretrial motion challenging defects in the indictment because she had researched the issue and determined that the prosecutions were timely initiated. Counsel later agreed however that "something was missed." In reversing the denial of relief by the post-conviction court, this court held that "the facts placed in proof, even if they had been alleged in the indictment, were insufficient[.]" Id. at 543. Because the petitioner would have been entitled to a dismissal of the untimely charges, the Morgan court determined that counsel's failure to raise the statute of limitations amounted to both deficient performance and prejudice. Id.

Applying the above analysis to this case, I would first point out that we do not know the theory the State relied upon to toll the statute of limitations, concealment or the petitioner's living out of State. During the State's cross-examination of the petitioner at the post-conviction hearing, the prosecutor unsuccessfully engaged in a line of questioning in an attempt to exact an admission based on concealment from the petitioner. The letters from counsel also alluded to some type of concealment as grounds for tolling. In either case, my review of evidence at trial does not support tolling of the statute of limitation for the petitioner's aggravated robbery conviction. A single question addressing this issue was posed to Special Agent Melton. Asked how long the petitioner had been living in Missouri, Special Agent Melton testified "A series of years. . . . I would hate to testify about how many. . . . I want to say eight to nine, but I would be

---

[1] Morgan also held that an amendment extending the statute of limitations period did not retroactively apply to crimes occurring before the amendment, rejecting the application of Parker v. United States, 252 F.2d 680 (6th Cir. 1985).

-3-

testifying without a 100% accuracy to that." There is likewise no proof from the post-conviction hearing to demonstrate tolling. The dearth of proof is further evidenced by the majority's reliance on the petitioner's pro se petition to rehear his direct appeal, which was denied by this court because he was represented by counsel who refused to raise the statute of limitations defense.

Because the State neither pleaded facts in the indictment nor proved sufficient facts at trial to toll the statute of limitations, the petitioner's aggravated robbery conviction is void for lack of subject matter jurisdiction. See id. at 543-44; see also State v. Seagraves, 837 S.W.2d 615, 620-21 (Tenn. Crim. App. 1992); but see State v. Pearson, 858 S.W.2d 879 (Tenn. 1993) (holding that "the better reasoned rule is to treat the statute of limitations as waivable, rather than jurisdictional, but to require that the waiver be knowingly and voluntarily entered"). Given that the petitioner would have been entitled to dismissal of Count 3, it necessarily follows that trial counsel's failure to raise the statute of limitations defense amounted to ineffective assistance. See Morgan, 847 S.W.2d at 543. This is true irrespective of whether the post-conviction court credited the testimony of the State's witnesses over the petitioner at the post-conviction hearing because "[a] conviction for a time barred crime clearly violates the constitutional rights of an accused." Id. (citing Seagraves, 837 S.W.2d at 618). Accordingly, I would reverse the post-conviction court's judgment with regard to the petitioner's ineffective assistance claim as it pertains to trial counsel's failure to seek relief from prosecution barred by the statute of limitations and vacate the petitioner's conviction and sentence in Count 3.

_____
CAMILLE R. McMULLEN, JUDGE