STATE of Tennessee, Appellant,

v.

Paul O. CARRIER, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

May 2, 1991.

Permission to Appeal Denied by Supreme Court Dec. 30, 1991.

Charles W. Burson, Atty. Gen. & Reporter, C. Anthony Daughtrey, Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Edward Wilson, Rebecca Davenport, Asst. Dist. Attys. Gen., Blountville, for appellant.

---

Stephen Wallace, Public Defender, Terry Frye, Asst. Public Defender, Blountville, for appellee.

## OPINION

PEAY, Judge.

The defendant was charged in a presentment with nine counts of rape. The trial court dismissed seven of these counts, finding that the statute of limitations barred prosecution. The State appeals from this action of the trial court.

The only issue presented by the State for review in this appeal concerns the dismissal of rape charges which were alleged to have occurred from March 1, 1959, until June 30, 1970. After a consideration of the record in this cause, we find this issue to be without merit and affirm the decision of the trial court.

On August 31, 1989, the defendant was charged with seven counts of rape and two counts of aggravated rape. These acts were alleged to have occurred from March 1, 1959, through June 30, 1970. Claiming that the statute of limitations had run on these offenses and that he had been denied his right to a speedy trial, he moved to dismiss all counts of the presentment. The trial court found the defendant's contention concerning the statute of limitations to be meritorious and dismissed seven of the nine counts. All of the rape counts were dismissed, leaving two counts of aggravated rape pending.

■ This case presents a novel question of law for the Court. At the time of the alleged offenses, the crime of rape carried a possible maximum punishment of life imprisonment. Then, as now, there were no limitations on any offense that carried this possible punishment.[1]

Effective June 5, 1979, the legislature changed the punishment for simple rape to a term of imprisonment of not less than five nor more than fifteen years. 1979 Tenn.Pub.Acts ch. 429, § 5. This maximum punishment was increased to twenty years effective April 16, 1980. 1980 Tenn. Pub.Acts ch. 788, § 4.

On June 5, 1979, the applicable statute of limitations was four years for offenses which carried a possible punishment exceeding five years. T.C.A. § 40-203 (1975). The statute of limitations has been amended several times since 1979. In 1985 a provision was added which allowed the commencement of prosecutions for sex crimes against children until the victim attained the age of majority or within four years from the date of the offense. 1985 Tenn.Pub.Acts ch. 478, § 21.

■ In 1990 the legislature added Tennessee Code Annotated § 40-2-101(e) which the State contends "saves" the prosecutions in this case. We do not agree, finding instead that the legislature enacted the statute in an attempt to avoid confusion resulting from the vast changes made in the Criminal Sentencing Reform Act of 1989, which became effective November 1, 1989. Because of these changes in the definitions of crimes, the classifications of crimes, and the ranges of punishment, the legislature stated, "For offenses committed prior to November 1, 1989, the limitation of prosecution in effect at that time shall govern." This statute cannot revive offenses that were already barred by the statute of limitations.

The State also relies on T.C.A. § 1-3-101 which provides that, "The repeal of a statute does not affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed." In this case there has obviously been no right accrued, duty imposed, penalty incurred or proceeding commenced prior to the running of the statute of limitations.

In conclusion, when the legislature reduced the punishment for rape to a maximum of fifteen years on June 5, 1979, the four year statute of limitations began to run on all charges of rape against this defendant. The prosecution had four years from the effective date of that change to bring the seven rape charges against this

---

1. Offenses which carry the possibility of the death penalty or life imprisonment are still not barred by the statute of limitations. Tenn.Code Ann. § 40-2-101(a) (1990).

defendant. This result is unfortunate but is analogous to the repeal of a penal statute which operates as a pardon for all offenses committed prior to such repeal unless saved by a specific provision in the statute. *Stinson v. State*, 208 Tenn. 159, 344 S.W.2d 369, 372 (1961).

This construction of the statutes involved is also consistent with the result reached at the time the three year statute of limitations was first imposed on the bringing of post-conviction petitions. There has previously been no time restriction on the bringing of such actions; thus, a retroactive application would have immediately barred many possible appellants from filing post-conviction petitions without giving them notice that this avenue of relief would hereafter be closed to them. Instead, this Court held that for those previously convicted, the new three year limitations period began running on the date it became effective. *See State v. Masucci*, 754 S.W.2d 90, 91 (Tenn.Crim.App.1988).

It seems equitable to apply the same rationale to this situation. As there had previously been no statute of limitations applicable to rape charges, the State should have been and was afforded the new four year period in which to bring such charges after which time they were precluded from doing so.

The two charges in the presentment in this case alleging aggravated rape are still pending against the defendant since they carry a possible punishment of life imprisonment. However, the courthouse door is closed to the State on all of the remaining charges of rape.

For the reasons set out hereinabove, the action of the trial court is affirmed.

WADE and TIPTON, JJ., concur.