**STATE of Tennessee, Appellant,**

v.

**Joseph R. RICCI, and Joseph D. Ricci, Appellees.**

No. 01S01–9505–CR–00085.

Supreme Court of Tennessee, at Nashville.

Jan. 29, 1996.

Charles W. Burson, Attorney General and Reporter, Eugene J. Honea, Assistant Attorney General, Nashville, Victor S. Johnson, III, District Attorney General, Deb U. Smith, Assistant District Attorney General, Nashville, for Appellant.

Mark C. Scruggs, Nashville, for Appellees.

WHITE, Justice.

In this case we are called upon to determine whether the application of the pre–1989 statute of limitations to the offenses for which defendants were indicted violates the ex post facto provisions of the United States and Tennessee constitutions. We find that the circumstances of this case do not implicate the ex post facto provisions. The applicable statute of limitations does not bar prosecution of defendants for those security fraud violations that occurred after September 28, 1988, or for earlier violations which could not have been reasonably discovered prior to that date.

## FACTS

The facts are few and undisputed. On September 28, 1992, the Davidson County Grand Jury indicted Joseph R. Ricci and Joseph D. Ricci on twenty-three counts of securities fraud.[1] The indictment alleges that defendants were involved directly or indirectly in the sale of certain securities for American Ashlynd, Inc. and American Eagle Entertainment, Inc. between July 1, 1988 and December 31, 1988, and that those sales violated various sections of the Tennessee Securities Act of 1980. Tenn.Code Ann. §§ 48–2–101 et seq. (1995 Repl.). Each count of the indictment also alleges that "the very nature of defendants' fraudulent scheme was such that investors could not reasonably be expected to have discovered it until January, 1989."

Defendants moved to dismiss the indictment alleging that the statute of limitations had expired and that the prosecution violated the ex post facto and due process provisions of the Tennessee and United States Constitutions. The trial court granted the motion. In his detailed Memorandum, the trial judge

---

1. The state's brief refers to a twenty-four count indictment. The record before us contains only twenty-three.

found that the Criminal Sentencing Reform Act of 1989 reduced the statute of limitations for these offenses from four to two years. Since the offenses alleged occurred before November 1, 1989, however, the Act required application of the limitation period "in effect at that time." Tenn.Code Ann. § 40–2–101(e) (1990 Repl.). Therefore, the court concluded that the reinstatement of the previous four-year limitation period disadvantaged defendants in violation of the ex post facto provision. *See Miller v. State*, 584 S.W.2d 758, 761 (Tenn.1979) ("[e]very law which, in relation to the offense or its consequences, alters the situation of a person to his [or her] disadvantage [violates the ex post facto provision]").

The Court of Criminal Appeals affirmed the trial court's dismissal of the indictment. The intermediate court found that as of November 1, 1989, securities law violations were Class E felonies. Tenn.Code Ann. § 48–2–123(a) (1995 Repl.). For range I defendants, punishment was limited to two years. Tenn. Code Ann. § 40–35–112(a)(5) (1990 Repl.). Thus, the court concluded that since the Riccis were range I offenders, the two-year statute of limitations became applicable on November 1, 1989. Tenn.Code Ann. § 40–2–101(b) (1990 Repl.) ("Prosecution for any offense punishable by imprisonment in the penitentiary when the punishment is expressly limited to five (5) years or less shall be commenced within two (2) years next after the commission of the offense."). Therefore, when the legislature adopted Tennessee Code Annotated Section 40–2–101(e) requiring that the limitation period for crimes committed prior to November 1, 1989 be governed by the law in effect at the time of the offense, the legislature created a law which, under the facts of this case, violates the ex post facto provision of Article I, Section 11 of the Tennessee Constitution.

## DISCUSSION

We granted the state's appeal to determine whether the prosecution of these securities

fraud violations against these defendants violates the ex post facto or due process provisions of the state or federal constitutions. For the reasons discussed below, we find that the statute of limitations for the prosecution of these 1988 securities fraud violations is, and always was, four years from the date of the commission of the offense. The period was, at no time, reduced to two years. Therefore, the ex post facto provisions are not implicated.

Both the trial court and the Court of Criminal Appeals held that the amendment to Section 40–2–101 was a retrospective change in the law that unquestionably operated to the disadvantage of defendants. In this appeal, the state argues that statutes of limitations are not subject to ex post facto analysis, that previous decisions recognizing an additional classification of ex post facto laws were wrongly decided, and that even if the additional classification exists, it does not apply in these circumstances.[2] The Riccis argue that the Tennessee Constitution provides greater protection from retrospective laws than does the United States Constitution and that any retrospective law that alters the situation of a person to his disadvantage is an ex post facto law.

Both lower courts as well as the state and defendants concluded, without much discussion, that the sweeping revisions of Tennessee criminal law which became effective on November 1, 1989, reduced the statutory period for prosecution of these offenses to two years, and that the April 30, 1990, amendment to Section 40–2–101 caused the "new" two-year period to revert to the "older" four-year period thereby violating the Constitution. We respectfully disagree.

## I.

After a careful examination of the applicable statutes as they existed before and after the watershed date of November 1, 1989, we conclude that the statute of limitations for these offenses remained unchanged through-

---

2. The classification referred to by the state—that a law that alters the situation of a person to his [or her] disadvantage violates the ex post facto provisions—was discussed and endorsed in *Miller v. State*, 584 S.W.2d 758 (Tenn.1979), *State v.* *Pearson*, 858 S.W.2d 879 (Tenn.1993), and *Overton v. State*, 874 S.W.2d 6 (Tenn.1994). Because of our disposition, we do not reach the issue of whether we have, as the state contends, "consistently misinterpreted *Miller v. State.*"

out. The revision of Section 40–2–101 in April of 1990 had no effect on the limitation period applicable to these defendants.

The indictment charges defendants with various violations of the Tennessee Securities Act of 1980. The penalty provision found in that act is as follows:

> Any person who willfully violates any provision of this part or who willfully violates any rule or order under this part shall upon conviction be fined not more than five thousand dollars ($5,000) or *imprisoned not more than six (6) years,* or both. . . .

Tenn.Code Ann. § 48–2–123(a) (1988 Repl.) (emphasis added). This provision remained unchanged in the 1989 revision of Tennessee's criminal code and sentencing laws except that the words "shall upon conviction be fined not more than five thousand dollars ($5,000) or imprisoned not more than six (6) years, or both" were deleted and the words "commits a Class E felony" were added. This change simply conformed the language of the statute to that of the new classification of offenses and made no substantive changes other than the amount of fine which could be assessed.[3] The range of punishment for a Class E felony is one to six years. Tenn. Code Ann. § 40–35–111(b)(5) (1990 Repl.). The maximum penalty for these offenses was six years in 1988 when the state alleges the offenses occurred. It is six years at the present time. Thus, the Criminal Sentencing Reform Act of 1989 did not alter the range of punishment for violations of the Securities Act in any way.

A brief historical review of Tennessee's statute of limitations laws is helpful to an understanding of the issue in this case. For many years, statutes of limitations for the prosecution of criminal offenses were divided into three categories based on the possible sentences. The first category, those crimes for which the punishment was either death or life imprisonment, had no limitation period but could be prosecuted "at any time after the offense shall have been committed." *See* Tenn.Code Ann. § 40–2–101(A) (1989 Supp.);

(1980 Repl.); (1975 Repl); § 40–201 (1956); 1932 Code § 11481.

The second category included those crimes punishable by five years or less in the penitentiary. For those offenses, the law required that prosecution commence "within two (2) years next after the commission of the offense." *See* Tenn.Code Ann. § 40–2–101(b) (1989 Supp.); (1985 Supp.); (1980 Repl.); (1975 Repl.); § 40–202 (1956); 1932 Code § 11482. In 1977, an amendment extended the limitations period to three or six years for specified offenses arising under the revenue laws. *Id.*

Until 1985, the third category included all felonies not covered by the other categories. Prosecution for those offenses was to commence within six years. *See* Tenn.Code Ann. § 40–2–101(d) (1989 Supp.); § 40–2–101(c) (1985 Supp.); § 40–2–101(c) (1980 Repl.); § 40–203 (1975 Repl.); § 40–203 (1956); 1932 Code § 11483. In 1985, an amendment changed the statute for sexual offenses committed against children under age thirteen. Tenn.Code Ann. § 40–2–101(c) (1989 Supp.).

The indictment in this case charges defendants with crimes occurring in 1988 that became discoverable in January, 1989. The applicable statute of limitations was four years in 1988 when the offenses were alleged to have occurred; it was four years in January of 1989 when the offenses were allegedly discovered; the limitations period continued to be "four years next after the commission of the offense" after November 1, 1989, the effective date of the 1989 Criminal Sentencing Reform Act. Moreover, the limitations period for *all* Class E felonies was four years between November 1, 1989 and April 30, 1990 because a Class E felony, according to Tennessee Code Annotated Section 40–35–111(b)(5), was not expressly limited to a term of five years or less.

In 1990, the statutes of limitations were revised to conform to the format of the criminal code adopted the previous year. The limitations period for those offenses punishable by either death or life imprisonment remained unlimited. Tenn.Code Ann. § 40–2–

---

3. A jury may assess a fine not exceeding $3,000 upon conviction for a Class E felony. Tenn.Code Ann. § 40–35–111(b)(5) (1990 Repl.).

101(a) (1990 Repl.).[4]  Except for the limitations for revenue laws and sexual crimes against children,[5] the periods applicable to offenses in the second and third categories have been completely revised.  The limitation period for all felonies which were previously encompassed in the second and third categories (subsections (b) and (d) of the statute as amended in 1985) is contained in subsection (b) which provides:

> (b) Prosecution for a felony offense shall begin within:
>
> > (1) Fifteen (15) years for a Class A felony;
> >
> > (2) Eight (8) years for a Class B felony;
> >
> > (3) Four (4) years for a Class C or Class D felony; and
> >
> > (4) Two (2) years for a Class E felony.

Tenn.Code Ann. § 40–2–101(b) (1990 Repl.).

As part of the 1990 revision the legislature included the following provision:

> (e) For offenses committed prior to November 1, 1989, the limitation of prosecution in effect at that time shall govern.

Tenn.Code Ann. § 40–2–101(e) (1990 Repl.).  It was this provision that led the trial court and the Court of Criminal Appeals to conclude that the limitations period as applied to these defendants violated the constitutional prohibition against ex post facto laws.  Both courts base their conclusions on one presumption—that the changes wrought on November 1, 1989 had somehow shortened the statutory limitations period for these offenses from four years to two.

The intermediate court recognized that the legislature had not altered the statutes of limitations in 1989, and thus, that the 1985 statutes remained applicable.  However, rather than apply the statute of limitations for offenses with punishment in excess of five

years, Tennessee Code Annotated Section 40–2–101(d) (1985 Repl.), the court applied the statute pertaining to offenses punishable by five years or less, *id.* at (b), presumably based on defendants' classification as range I offenders.

■  After a careful examination of prior practice in Tennessee and the relevant statutes, we conclude that the applicable punishment for determining the appropriate statute of limitations is the maximum punishment available for an offense.  *See Overton v. State,* 874 S.W.2d 6, 8 (Tenn.1994); *State v. Henry,* 834 S.W.2d 273, 275 (Tenn.1992); *Morgan v. State,* 847 S.W.2d 538, 540 (Tenn. Crim.App.), *perm. to appeal denied,* (Tenn. 1992); *State v. Carrier,* 822 S.W.2d 623 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1991); *State v. Tidwell,* 775 S.W.2d 379, 388 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1989).  The availability of lesser punishments is irrelevant.

A statute of limitations serves two primary purposes.  *State v. Pearson,* 858 S.W.2d 879, 886 (Tenn.1993).  First, the limitation period serves to assure that overly stale charges are not brought necessitating the use of stale evidence.  Second, limitation periods provide an incentive for swift governmental action in criminal cases.  *Id.* (citing *United States v. Ewell,* 383 U.S. 116, 122, 86 S.Ct. 773, 777–78, 15 L.Ed.2d 627 (1966)).  Such statutes protect an accused whose defense many have been lost over time.

These purposes would not be served if different statutes of limitations applied for the same offense based on the sentencing range of the individual defendant.  The staleness of the charges or of the evidence does not depend upon the sentencing range of a defendant.  Defendants in one sentencing range are not likely to lose their means of defense more quickly than those in another.

---

**4.**  There are minor changes in the wording.  The current provision states: "A person may be prosecuted, tried and punished for an offense punishable with death or by imprisonment in the penitentiary during life, at any time after the offense is committed."  Tenn.Code Ann. § 40–2–101(a) (1990 Repl.).

**5.**  The 1990 statute has changed the numbering for these provisions.  Previously, the limitations

for prosecution for violations of Tennessee's revenue laws were part of subsection (b).  Now these provisions are codified separately in subsection (c).  The limitation for prosecution of sexual crimes against children, previously located in subsection (c), is now set forth in subsection (d).  Tenn.Code Ann. § 40–2–101(c) & (d) (1990 Repl.).

Nor would a period of limitations based on an individual's sentencing range encourage the government to investigate and prosecute swiftly. The police generally would not know the sentencing range of potential suspects. The trial court determines the sentencing range *after* conviction. To apply a different limitations period based on sentencing range would lead to absurd results.

Moreover, the language of the statutes in question precludes such an interpretation. Tennessee's various statutes of limitations have always referred to the maximum punishment without specific reference to the minimum. *See* Tenn.Code Ann. § 40–2–101(a) (1989 Supp.); (1985 Supp.); (1980 Repl.); (1975 Repl.); § 40–201 (1956); 1932 Code § 11481. Nothing in the current statute of limitations indicates that the legislature intended to reverse this continuous, long-standing practice in Tennessee. Moreover, if the legislature intended such a change in the statute of limitations, it would not have retroactive application absent specific language to that effect. *Morgan v. State,* 847 S.W.2d 538, 541 n. 4 (Tenn.Crim. App.), *perm. to appeal denied,* (Tenn.1992). In short, we conclude that the fact that the offenses charged were Class E felonies and defendants potentially range I offenders [6] has no bearing on the statute of limitations period in this case.

■■■ Unless the applicable limitation period was reduced in 1989, any ex post facto argument must fail. An ex post facto law contains two critical elements. *State v. Pearson,* 858 S.W.2d 879, 882 (Tenn.1993). First, the law must apply to events occurring before its enactment; second, it must disadvantage the offender affected by it. *Id.* at 882 (quoting *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987)). In this instance, defendants were charged under a penal statute that was amended after the date of the alleged acts. Defendants must be prosecuted under the statute in effect at the time of the commission of the offense. Tenn.Code Ann. § 39–11–112 (1991 Repl.). Section 40–2–101, as it existed at the times alleged in the indictment, required

commencement of the prosecution within four years. Tenn.Code Ann. § 40–2–101(b) (1989 Supp.). The statute of limitations was not changed in 1989. Further, nothing in the 1990 version of Section 40–2–101 applies to offenses committed in 1988. Subsection (e) does not apply to events prior to November 1, 1989.

Had the 1990 revision of Section 40–2–101(b) been part of the 1989 revision, the ex post facto argument would be more convincing, but not completely persuasive. A statute of limitations may not be applied to offenses occurring before the effective date of the statute unless the statute includes specific language indicating retroactive application. *Overton v. State,* 874 S.W.2d 6, 9–10 (Tenn. 1994); *State v. Henry,* 834 S.W.2d 273, 274 (Tenn.1992); *Morgan v. State,* 847 S.W.2d 538, 541 n. 4 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1992); *State v. Tidwell,* 775 S.W.2d 379, 389 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1989). Even had Class E felonies been subjected to a two-year limitation period on November 1, 1989, the period would not have applied to crimes committed in 1988 unless the statute contained specific language to that effect.

The purpose of the 1990 amendment was to establish limitation periods consistent with the Criminal Sentencing Reform Act of 1989 in which vast changes were made in the definitions of crimes, their classifications, and the ranges of punishment. *State v. Carrier,* 822 S.W.2d 623, 624 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1991). Prior to 1990, the statutes of limitations were organized around three broad classifications which were inconsistent with the new felony classifications. Since statutes of limitation are not automatically retroactive, the retrospective language in subsection (e) ensures that the new statutes of limitations apply to offenses occurring after its passage, but that the previous statute applies to offenses occurring before its passage. Thus, subsection (e) makes no retroactive change to the statutes of limitations applicable to the offenses com-

---

**6.** Since this case has never been heard on its merits and no presentence report has been filed, we have only the assurance in defendants' brief that they are "clearly" within range I.

mitted prior to November 1, 1989.[7] The statute creates no ex post facto violation in this case.

## II.

Defendants also argue that applying different limitation period for offenses occurring before and after November 1, 1989 violates due process. We disagree. The Sentencing Act of 1989 changed the entire sentencing framework. The three felony classifications in use before the revisions were not congruent with the new five-class scheme. To avoid confusion, new statutes of limitations were required. To ensure consistency, all defendants sentenced under the new sentencing laws were made subject to the same statutes of limitations. The statute effective on April 30, 1990 represents a reasonable legislative assessment of the relative interests of the State and of those defendants who are subject to the new statutes. *See United States v. Marion,* 404 U.S. 307, 322, 92 S.Ct. 455, 464, 30 L.Ed.2d 468 (1971).

The indictment alleges that the offenses occurred in 1988. At that time, prosecution for these violations had to commence within four years. In January, 1989, when the alleged offenses became discoverable, the limitation period remained four years. Nothing in the 1989 revision altered the limitation period or the definition or elements of the offenses. When the 1990 revised statute was passed, it specifically addressed and eliminated any question about its retroactivity. Defendants had adequate notice of the acts that were proscribed and the period in which the state could prosecute them. We are aware of no defense that they have lost due to the passage of time. Nor have defendants demonstrated that the evidence against them is stale. The prosecution of these defendants for security fraud violations that occurred after September 28, 1988[8] or that became discoverable after that date does not violate due process.

## DISPOSITION

The judgment of the trial court and the Court of Criminal Appeals is reversed. The indictment against these defendants is rein-

stated. The case is remanded to the trial court for the continued prosecution of these defendants for those offenses which the state demonstrates either occurred after September 28, 1988 or were not discoverable before that date.

ANDERSON, C.J., and DROWOTA, REID and BIRCH, JJ., concur.

---

7. The legislature could have worded the provision differently. If subsection (e) said that the 1990 statute applied only to offenses committed after November 1, 1989, the result would have been the same.

8. The indictment is dated September 28, 1992. The four-year statute bars all fraudulent acts that occurred and were discoverable prior to September 28, 1988.