RICHARD P. RIENHOLTZ,                )
                                     )
        Petitioner/Appellant,        )
                                     )     Appeal No.
                                     )     01-A-01-9512-CH-00570
VS.                                  )
                                     )     Davidson Chancery
                                     )     No. 94-63-II
CHRISTINE BRADLEY,                   )
Commissioner, and TENNESSEE          )
DEPARTMENT OF CORRECTION,            )
                                     )
        Respondents/Appellees.       )

FILED

November 1, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR



JOHN G. OLIVA
ROBERT P. BALLINGER
Washington Square, Suite 417
222 Second Avenue, North
Nashville, Tennessee 37201
        Attorneys for Petitioner/Appellant

CHARLES W. BURSON
Attorney General & Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
404 James Robertson Parkway
Suite 2000
Nashville, Tennessee  37243
        Attorney for Respondents/Appellees



AFFIRMED AND REMANDED



BEN H. CANTRELL, JUDGE


CONCUR:
TODD, P.J.
LEWIS, J.

# **O P I N I O N**

Richard P. Rienholtz, an inmate in the Tennessee prison system petitioned the Chancery Court of Davidson County for a declaratory judgment arguing that the Department of Correction's decision to extend his parole eligibility date for escape was illegal. The chancellor dismissed the petition and we affirm.

**I.**

In 1981, Mr. Rienholtz received a sentence of forty-five years in prison for two counts of murder, a Class X felony. Under the law then in effect he had to serve forty percent of the sentence to be eligible for parole, and he could not earn sentence credits to advance his parole eligibility date. A later change in the law reduced the mandatory time to be served to thirty-five percent of the sentence.

In 1990 Mr. Rienholtz was reclassified as a minimum security prisoner and placed on work release status. As a condition of being placed on work release he signed an agreement containing the following:

> I understand that if I am convicted of a felony except escape committed while on work, educational, restitution, or other program which allows me the privilege of supervised or unsupervised release into the community I must serve the remainder of my term without parole or further participation in any such programs. I also understand that if I escape from any of these programs, the department has the authority to penalize or punish me in accordance with departmental policy. This is consistent with the laws of Tennessee, specifically TCA 40-28-123(b)(1).

Approximately three months later, Mr. Rienholtz escaped and stayed at large for three and a half months. He pled guilty to the escape charge and received an additional one year sentence. In addition, in accordance with its policy No. 502.02,

the Department of Correction extended Mr. Rienholtz's release eligibility date on his original sentence by twenty percent. Policy 502.02 states:

> In all cases in which an inmate is found guilty of the disciplinary offense of Escape, including Escape from custody and failure to return from a pass or furlough, in addition to any other punishment imposed, the offender's parole or release eligibility date shall be extended by adding thereto an additional 20 percent of the offender's original maximum sentence, or by extending the inmate's parole or release eligibility date to the sentence expiration date, whichever is less.

Mr. Rienholtz filed a petition for a declaratory order under Tenn. Code Ann. § 4-5-223 of the Administrative Procedures Act. He argued that the policies adopted for the Department of Correction's Disciplinary Board draw a distinction between escape and breach of trust, and that he should have been disciplined for the latter. The difference, apparently, is an extension of the prisoner's parole eligibility date by twenty percent in the case of escape and merely a loss of sentence credits or a period of punitive segregation for breach of trust.

The Department of Correction responded to the petition by a letter from the Department's legal assistant, denying any consideration because "disciplinary decisions are not subject to appeal under the Uniform Administrative Procedures Act." Mr. Rienholtz then filed a petition for a declaratory judgment in the Chancery Court of Davidson County, which the court dismissed because it was not filed within sixty days of the date the Department of Correction denied consideration of the petition for declaratory order. We reversed on appeal, holding that the sixty day provision in Tenn. Code Ann. § 4-5-322(a)(1) did not apply to a case where the agency refused to convene a contested case hearing. See also *Taylor v. Reynolds*, No. 01-A-01-9401-CH-00016 (filed in Nashville, June 10, 1994).

On remand, the Chancery Court addressed the arguments raised in the petition, found them insufficient as a matter of law, and dismissed the petition for

failing to state a cause of action. In so doing, however, the chancellor considered affidavits filed by both parties. We will, therefore, treat the judgment below as a summary judgment. See Rule 12.02, Tenn. R. Civ. Proc.

## II.

The focus in this case has constantly changed since Mr. Rienholtz sought the first declaratory order from the Department of Correction. We noted that in the first appeal he sought a declaration that he should have been punished for breach of trust rather than for escape. His petition in the Chancery Court alleges that in addition to the escape-breach of trust argument, he sought a declaration that the disciplinary rule was null and void, that the rule discriminated against inmates with more serious offenses, and that he did not violate the agreement he signed when he was placed on work release. In an amended petition, Mr. Rienholtz also alleges that the Department of Correction failed to bring the rule to his attention in accordance with Tenn. Code Ann. § 41-21-218.

On remand, Mr. Rienholtz filed a brief in which he asserted that he did not violate the agreement he signed when he was placed on work release; that he was erroneously disciplined for escape rather than breach of trust; that he was given a disproportionate sentence for escape; that the effect of his escape was never brought to his attention in accordance with Tenn. Code Ann. § 41-21-218; that the twenty percent addition to his sentence violated his rights to due process and equal protection; and that extending his release eligibility date by twenty percent violated the constitutional prohibition against ex post facto laws.

## III.

Mr. Rienholtz does not raise all the issues on appeal that he raised in his amended petition in the chancery court. His first issue addresses the chancellor's holding that he waived his right to rely on the law as it existed prior to July 1, 1982. See Tenn. Code Ann. § 40-35-117. Inherent in this argument is an assertion that policy 502.02 cannot be applied to him because it was adopted after he was first sentenced to the Department of Correction.

In her memorandum the chancellor found, "The petitioner's sworn affidavit, signed May 12, 1995, indicates that the petitioner signed a waiver of his right to serve his sentence under the laws in effect on the date the indictment alleges the offense was committed." The petitioner's designation of the record does not include the May 12, 1995 affidavit. We are, therefore, handicapped in reviewing the question of what waiver the petitioner executed and we would be justified in taking the chancellor's finding as conclusive. *State v. Banes*, 874 S.W.2d 73 (Tenn. Crim. App. 1994).

Nevertheless, there is in the record a form signed by Mr. Rienholtz on March 12, 1986 in which he waived "for the sole and exclusive purpose of receiving Sentence Reduction Credits . . . ." his right to serve his sentences under the prior law. He argues on appeal that the only effect of this waiver was to allow him to begin accruing sentence credits under the subsequent law; it did not allow the state to apply the penalties for escape that were enacted after his original sentence.

The waiver states that for the <u>sole and exclusive</u> purpose of receiving sentence reduction credits Mr. Rienholtz waived the right to serve his sentences under the law in effect at the time he was indicted. He acquired the right to earn sentence credits and he gave up any rights to serve his sentences under the prior law. Thus, allowing him to accrue sentence credits was <u>not</u> the only effect of the waiver. The <u>sole and exclusive</u> language in the waiver refers to what he was getting in return for

- 5 -

his waiver, not what he was giving up. We hold that the waiver of his rights under the prior law makes him subject to the current law, the law in effect after the 1989 amendments.

We also think Mr. Rienholtz overlooks the fact that he signed the "Assignment of Responsibility" when he was placed on work release. In it he acknowledged that if he escaped from work release the Department of Correction had the authority to penalize or punish him in accordance with departmental policy.

## IV.

Mr. Rienholtz argues on appeal that applying policy 502.02 to him violates Article I Section 10 of the United States Constitution, which prohibits the states from passing ex post facto laws. We fail to see, however, how this constitutional provision is implicated.

The United States Supreme Court has said that the ex post facto provisions of our constitution are "aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." *California Department of Corrections v. Morales*, 514 U.S. \_\_\_\_ at \_\_\_\_ (1995). Policy 502.02 was in effect at the time Mr. Rienholtz escaped in 1990. Therefore, the consequences that could result from his escape were fixed and have not been increased by subsequent legislation.

## V.

Mr. Rienholtz also argues that the Department of Correction violated his right to due process by failing to bring Policy 502.02 to his attention.

Tenn. Code Ann. § 41-21-218 provides:

> Such of the foregoing regulations with all others adopted by the general assembly or the commissioner in reference to the police and government of the penitentiary, which it is necessary that the convicts should know . . . shall be printed so as to be conveniently read, and set up by the warden, in a conspicuous place, and also read and explained by the warden to each convict on his admission to the penitentiary.

Assuming that, as he alleges, policy 502.02 was not brought to Mr. Rienholtz's attention, what is the effect of that lapse on the ability of the Department of Correction to apply the policy to him?

The statute itself does not say what such effect will be, and it is arguable that the statute was passed for the Department's benefit as an aid to maintaining order in the prison. By making sure the inmates know that their acts have consequences prison discipline will improve. But the main reason the policy should apply to Mr. Rienholtz is the fact that he received a notice that substantially complied with the statute. When he was assigned to work release he signed an acknowledgment that if he escaped while on that program the Department of Correction could punish him in accordance with departmental policy. We do not think it is critical that the precise nature of the punishment was not set out in the agreement. It is sufficient if the inmate knows that the Department of Correction has the power to impose additional disciplinary sanctions for escape.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

- 8 -

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE