# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

July 10, 1998

Cecil W. Crowson
Appellate Court Clerk

JOHNNY GREENE,             )
                                    )
       Plaintiff/Appellant,     )
                                    )     Davidson Chancery
VS.                          )     No. 94-927-I
                                    )
TENNESSEE DEPARTMENT OF  )     Appeal No.
CORRECTION,            )     01A01-9608-CH-00370
                                    )
       Defendant/Appellee.    )

## APPEAL FROM THE CHANCERY COURT
## FOR DAVIDSON COUNTY
## AT NASHVILLE, TENNESSEE

## THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

For Plaintiff/Appellant:                  For Defendant/Appellee:

Douglas A. Trant                       John Knox Walkup
Knoxville, Tennessee                Attorney General and Reporter

                                               Patricia C. Kussmann
                                               Assistant Attorney General

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal involves a dispute between a prisoner and the Department of Correction concerning the Department's calculation of his sentence reduction credits. After spending twenty-three years in prison, the prisoner sought a declaratory order from the Department that he had earned sufficient sentence reduction credits to be entitled to immediate release. When the Department declined to issue the requested order, the prisoner filed a petition for judicial review in the Chancery Court for Davidson County. Both the prisoner and the Department filed summary judgment motions, and the trial court granted the Department's motion and dismissed the prisoner's petition. On this appeal, the prisoner asserts that the trial court erred because, under the undisputed facts, he is entitled to a judgment as a matter of law. We have determined that the trial court's decision to grant the Department's summary judgment motion should be affirmed because the prisoner has failed to demonstrate that he is entitled to relief on any of his claims.

## I.

Johnny Greene went to trial before a Davidson County jury in 1971 on the charge of first degree murder. On February 3, 1971, after the State had rested its case and he himself had testified, Mr. Greene decided to plead guilty to first degree murder, and the jury sentenced him to serve ninety-nine years in the state penitentiary. Mr. Greene has collaterally attacked his conviction on two occasions without success.[1]

In January 1994, a lawyer representing Mr. Greene corresponded with the Department of Correction asserting that his client was eligible for immediate release because he had been earning sentence credits at the rate of 49.5 days per month under the three sentence credit programs instituted since Mr. Greene's original incarceration. After the Department responded that Mr. Greene was not entitled to receive double credits under these successive sentence reduction programs, Mr. Greene filed a petition for a declaratory order in February 1994 again asserting that he was entitled to immediate release. The Department declined Mr. Greene's request for a declaratory order.

On March 31, 1994, Mr. Greene filed a petition in the Chancery Court for Davidson County seeking judicial review of the Department's denial of his request for a declaratory

---

[1]*See Greene v. State*, No. 88-217-III, 1989 WL 4941 (Tenn. Crim. App. Jan. 24, 1989), *perm. app. denied* (Tenn. June 5, 1989); *Greene v. State*, No. 6282 (Tenn. Crim. App. Feb.29, 1972), *cert. denied* (Tenn. June 5, 1972).

order under Tenn. Code Ann. § 4-5-322 (Supp. 1997). Mr. Greene later filed a motion for summary judgment, and the Department responded with a summary judgment motion of its own. On May 6, 1996, the trial court granted the Department's motion for summary judgment and dismissed Mr. Greene's petition. Mr. Greene has appealed.

## II.

As a preliminary matter, we address the type of relief Mr. Greene requested from the trial court. Even though the Department had not conducted a contested case proceeding in response to his request for a declaratory order, Mr. Greene filed a petition for review under Tenn. Code Ann. § 4-5-322 which, by its own terms, is available only to persons who are "aggrieved by a final decision in a contested case." *See* Tenn. Code Ann. § 4-5-322(a). Mr. Greene should have filed a petition for a declaratory judgment under Tenn. Code Ann. § 4-5-225 (Supp. 1997) because the Department had refused his request for a declaratory order. *See* Tenn. Code Ann. § 4-5-225(b).

The fact that Mr. Greene has pursued the wrong remedy is not necessary fatal to his request for judicial relief. Because the courts endeavor to construe pleadings based on their substance or gravamen rather than their title, *see Bemis Co. v. Hines*, 585 S.W.2d 574, 576 (Tenn. 1979); *see also Para v. Kroger Co.*, 674 S.W.2d 715, 719 (Tenn. 1984) (applying the rule for statute of limitations purposes), the trial court could have construed Mr. Greene's petition as one seeking a declaratory judgment under Tenn. Code Ann. § 4-5-225. The trial court's judgment indicates that it may very well have treated Mr. Greene's petition as one requesting a declaratory judgment, and we will do likewise on this appeal. Thus, Mr. Greene will be entitled to relief only if he can demonstrate that the Department's interpretation of a statute or rule interferes with or impairs, or threatens to interfere with or impair, his legal rights or privileges. *See* Tenn. Code Ann. § 4-5-225(a).

## III.

Mr. Greene's disagreement with the Department's calculation of his sentence reduction credits can be distilled into three arguments. First, he asserts he is entitled to both the good conduct sentence credits authorized by Tenn. Code Ann. § 41-21-229 (repealed 1985) and the previously authorized "good and honor time" credits. Second, he argues that recalculating his anticipated good conduct sentence credits after July 1, 1981 violates the Due Process Clauses and the Ex Post Facto Clauses of the state and federal constitutions. Third, he asserts that the Department has not accounted for the 3,277 days of good and honor time he earned between August 28, 1970 and July 1, 1981. Each of these claims is without merit.

## THE CUMULATIVE CREDIT CLAIM

Mr. Greene first asserts that, as a matter of statutory construction, he is entitled to both the good and honor time credits available when he was first incarcerated and to the good conduct sentence credits authorized by the General Assembly in 1980. We have already addressed this claim and have found that the good conduct sentence credits authorized by Tenn. Code Ann. § 41-21-229 completely replaced the previously existing good and honor time credits and that these good conduct sentence credits would apply across-the-board to all prisoners. *See Jones v. Reynolds*, No. 01A01-9510-CH-00484, 1997 WL 367661, at *3 (Tenn. Ct. App. July 2, 1997) (No Tenn. R. App. P. 11 application filed). Accordingly, these statutes, when read in pari materia, provide that Mr. Greene is entitled to the good and honor time he earned between August 28, 1970 and July 1, 1981 and to earn good conduct sentence credits under Tenn. Code Ann. § 41-21-229 thereafter.[2]

## THE CONSTITUTIONAL CLAIMS

Mr. Greene's second argument is that the Department's recalculation in July 1981 of his projected good conduct sentence credits increased his punishment and thereby violated the Due Process Clauses and Ex Post Facto Clauses of the state and federal constitutions. This argument contains two fundamental flaws. First, prisoners do not earn good conduct sentence credits in advance. Second, the application of Tenn. Code Ann. § 41-21-229 to Mr. Greene after July 1, 1981 does not increase his punishment or lengthen his sentence.

The Ex Post Facto Clauses of the United States Constitution[3] and the Constitution of Tennessee[4] are aimed at laws that retroactively increase the punishment for criminal acts. *See Lynce v. Mathis*, 519 U.S. 433, ___, 117 S. Ct. 891, 896 (1997); *California Dep't of Corrections v. Morales*, 514 U.S. 499, 504, 115 S. Ct. 1597, 1601 (1995); *State v. Ricci*, 914 S.W.2d 475, 480 (Tenn. 1996). They prevent legislatures from increasing criminal penalties beyond those prescribed for a crime when it was committed. Because the sentence reduction credit statutes in existence when Mr. Greene committed his crime were inherently part of his sentence, *see Gilliam v. State*, 174 Tenn. 388, 391, 126 S.W.2d 305, 306 (1939), the application of any later enacted sentence credit statutes that reduce the amount of sentence credits Mr. Greene can earn could run afoul of the Ex Post Facto Clauses of the state and

___

[2]Mr. Greene is not entitled to earn prisoner sentence reduction credits under Tenn. Code Ann. § 41-21-236 (1997) because he has not signed the written waiver required by Tenn. Code Ann. § 41-21-236(c)(3), -236(g).

[3]*See* U.S. Const. art. I, § 10, cl. 1.

[4]*See* Tenn. Const. art. I, § 11.

federal constitutions if it has the effect of imposing a greater punishment after the commission of the offense. *See Weaver v. Graham*, 450 U.S. 24, 36, 101 S. Ct. 960, 968 (1981).

The undisputed facts in this record demonstrate that applying the good conduct sentence credits in Tenn. Code Ann. § 41-21-229 to Mr. Greene for the portion of his sentence served after July 1, 1981 decreases rather than increases the potential length of his incarceration. Under the good and honor time scheme in place when Mr. Greene was first incarcerated, the presumptive expiration date of his sentence would have been sometime in 2020.[5] However, the presumptive expiration date of his sentence calculated in accordance with Tenn. Code Ann. § 41-21-229 is May 17, 2019. Because the operation of Tenn. Code Ann. § 41-21-229 decreases rather than increases the length of Mr. Greene's sentence, placing Mr. Greene under Tenn. Code Ann. § 41-21-229 does not amount to an ex post facto violation. *See Jones v. Reynolds*, 1997 WL 367661, at *6.

Mr. Greene also argues that the Department cannot constitutionally deprive him of the prospective good and honor time credits that the Department projected he could earn when the presumptive expiration date of his sentence was first calculated in 1971. He asserts that he had a property right to these credits and that once they were awarded to him, they cannot be taken away without cause. This argument overlooks the reality that Mr. Greene had not earned approximately fifty years of sentence credits when the Department first projected the presumptive expiration date of his sentence in 1971. The Department's calculation at that time was simply a projection based on the assumption that Mr. Greene would earn these credits while incarcerated by comporting himself as required by Tenn. Code Ann. §§ 41-21-212, -214 (repealed 1985). Therefore, on July 1, 1981, Mr. Greene had a property interest only in the good and honor time credits he had earned from August 28, 1970 until July 1, 1981; he did not have a property interest in the credits that the Department projected he might earn during the remaining years of his incarceration. Since Mr. Greene did not have a property interest in the credits he might have earned after July 1, 1981, the Department did not violate the Due Process Clauses of the state and federal constitutions by switching to Tenn. Code Ann. § 41-21-229 to calculate these future sentence credits.

## THE EARNED SENTENCE CREDIT CLAIM

_____

[5]Mr. Greene argues that this date would have been August 28, 2021. We need not resolve the discrepancy between Mr. Greene's calculation of the original presumptive expiration date of his sentence and the Department's calculation because both dates are later than the presumptive expiration date calculated according to Tenn. Code Ann. § 41-21-229.

As a final matter, Mr. Greene insists that the Department has not properly accounted for the 3,722 days of good and honor time that he earned between August 28, 1970 and July 1, 1981. The undisputed evidence is to the contrary. The Department has included these sentence credits in its calculation of the new presumptive expiration date of Mr. Greene's sentence.

The 1980 legislation creating the good conduct sentence credits to replace the good and honor time credits contained a mechanism for converting good and honor time credits earned prior to July 1, 1981 to good conduct sentence credits. *See* Tenn. Code Ann. § 41-21-231 (repealed 1985). On August 29, 1981, Mr. Greene received a memorandum from the Commissioner of Correction informing him that he had been given full credit for the 3,722 days of good and honor time he had earned prior to July 1, 1981 and that these days, when added to the "possible good time" he could earn after July 1, 1981, would reduce his sentence by 17,718 days or approximately 48.5 years. These credits advanced the expiration date of Mr. Greene's sentence from 2069 to May 17, 2019. This memorandum provides unrebutted evidence that the Department has given Mr. Greene full credit in accordance with Tenn. Code Ann. § 41-21-231 for the 3,722 days of good and honor time he earned prior to July 1, 1981.

## IV.

Mr. Greene has failed to present evidence that he has been adversely affected by the Department's erroneous or unconstitutional interpretation or application of any statute or rule governing the accumulation and calculation of the sentence credits to which he is entitled. Accordingly, treating his petition as a petition for declaratory judgment under Tenn. Code Ann. § 4-5-225, we find that the trial court reached the correct result when it dismissed Mr. Greene's petition. We remand this case to the trial court for whatever further proceedings may be required, and we tax the costs of this appeal to Johnny Greene and his surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE

-7-