IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JUNE 1998 SESSION



FILED

June 22, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| SARAH RICHARDSON, | ) | |
| | ) | NO. 02C01-9707-CC-00271 |
| Appellant, | ) | |
| | ) | LAUDERDALE COUNTY |
| VS. | ) | |
| | ) | HON. JON KERRY |
| STATE OF TENNESSEE, | ) | BLACKWOOD, JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |


**FOR THE APPELLANT:**

JAMES H. BRADLEY
112 East Liberty
P.O. Box 952
Covington, TN 38019

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

DOUGLAS D. HIMES
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

ELIZABETH T. RICE
District Attorney General
302 Market Street
Somerville, TN 38068


OPINION FILED: _____


AFFIRMED IN PART;
DELAYED APPEAL GRANTED


JOE G. RILEY,
JUDGE

**OPINION**

The petitioner, Sarah Richardson, appeals the denial of post-conviction relief by the Circuit Court of Lauderdale County. She was previously convicted of first degree murder and conspiracy to commit first degree murder. She was sentenced to concurrent terms of life and twenty-five (25) years, respectively. The petitioner now alleges ineffective assistance of trial and appellate counsel. She contends (1) that trial counsel was ineffective for failing to secure a mental evaluation relative to diminished capacity evidence; and (2) that counsel failed to inform her of her right to appeal to the Tennessee Supreme Court following affirmance of her convictions by this Court. We AFFIRM the judgment of the trial court regarding counsel's decision not to pursue a mental defense. However, we VACATE our original judgment in the matter and reinstate it as of the date of the filing of this opinion to allow the petitioner to pursue a delayed appeal to the Tennessee Supreme Court.

**FACTS**

The petitioner was convicted of first degree murder of her husband and conspiracy to commit first degree murder. Her convictions were affirmed by this Court. State v. Sarah Richardson, C.C.A. No. 02C01-9204-CC-00103, Lauderdale County (Tenn. Crim. App. filed April 7, 1993, at Jackson).

**A.**

The petitioner testified at the post-conviction hearing that prior to the death of her husband she was on "nerve pills and a couple of other kinds" of medication. Dr. James Witherington prescribed the drugs, as he had been the petitioner's physician for some time. The petitioner testified that she advised her attorneys of this fact, yet they never attempted to interview Dr. Witherington.

2

The petitioner alleges this failure to consult her doctor precluded her ability to present evidence of diminished capacity and/or battered spouse syndrome.

Although Dr. Witherington did not testify, the parties entered into a stipulation concerning Dr. Witherington's records. The records reflect the petitioner reported depression and nervous tension in 1974 and 1975 and tension in 1984. The records also reflect that the petitioner reported she had been suffering from depression after the murder of her husband in 1990.

The petitioner's attorney testified at the post-conviction hearing that the petitioner steadfastly maintained she had no involvement in the death of her husband. Counsel further testified that diminished capacity evidence was discussed with the petitioner; however, she was not interested in pursuing it. The petitioner was unwilling to admit any involvement in the death of her husband.

**B.**

Following her conviction, the petitioner appealed to this Court. Although trial counsel had been retained for trial, the trial court declared the petitioner indigent for appellate purposes. The same counsel was appointed to represent the petitioner on appeal. Following this Court's affirmance of the conviction, no permission to appeal was filed. The petitioner's attorney testified he sent the petitioner a letter advising her to contact counsel by a certain date if she desired counsel to file for permission to appeal to the Tennessee Supreme Court. The letter, entered into evidence at the post-conviction hearing, also advised the petitioner that no further action would be taken unless the petitioner responded. Counsel received no response and did nothing further. The petitioner testified she never received the letter.

The trial court entered a two-page "Findings of Facts and Conclusions of Law." This document merely sets forth a summary of the contentions of the parties and testimony of the witnesses. It does not contain any findings of fact. However, after giving a summary of the testimony, the trial court concluded that "the petitioner was not denied effective assistance of counsel, and that this petition should and is, hereby, dismissed."

## INEFFECTIVE ASSISTANCE

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive her of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee in determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065; Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997); State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the

circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Goad v. State, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Alley v. State, 958 S.W.2d at 149; Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

## FAILURE TO UTILIZE MENTAL DEFENSE

The petitioner contends her attorneys provided ineffective assistance by failing to procure a mental evaluation. The state contends that the petitioner had many meetings with counsel before her trial, and that neither attorney was aware of any mental defect necessitating an evaluation. Ordinarily, the absence of factual findings by the trial court would preclude proper appellate review; however, it is apparent in this case that the trial court rejected the petitioner's contentions. A defense based upon mental disease or defect obviously would have been inconsistent with the petitioner's denial of involvement. It would be tactically difficult to deny any involvement and, at the same time, advance a mental defense. Furthermore, the records of Dr. Witherington do not establish anything that would significantly help the petitioner. The petitioner has not shown that the result of the trial would have been any different with the use of this information.

This issue is without merit.

## RIGHT TO APPEAL

Counsel testified he sent the petitioner a letter after receiving the decision of this Court affirming the convictions. The letter explained that counsel would file an application to appeal to the Tennessee Supreme Court, if the petitioner so requested. Counsel testified that the petitioner never responded to the letter. The petitioner testified she never received the letter. The petitioner further testified that counsel refused to file the application for permission to appeal because he said "it wouldn't do any good." We are unable to determine whether the trial court found that the defendant received the letter and decided not to appeal or whether the trial court concluded that mailing the letter was sufficient. Regardless, the trial court denied relief.

Although counsel had been retained at the trial level, the same counsel was appointed for the appeal. Appointed counsel on appeal must comply with Sup. Ct. Rule 14 after an adverse decision of this Court. Appellate counsel did not do so in this case. There was no motion to withdraw accompanied by a proper notification to the petitioner. Specifically, it appears the petitioner was never notified of her right to seek permission to appeal pro se as required by Sup. Ct. Rule 14.

Because petitioner's counsel failed to properly notify her under Rule 14 of her right to seek second-tier appellate review, we must grant her the right to seek a delayed appeal to the Tennessee Supreme Court. Accordingly, we vacate our judgment of April 7, 1993, and reinstate it as of the date of the release of this opinion. Present counsel should pursue the delayed appeal. In all other aspects, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**



_____
**DAVID H. WELLES, JUDGE**



_____
**DAVID R. FARMER, SPECIAL JUDGE**