# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
June 2000 Session

## WILLIAM LAVERN DAVIS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Marshall County**
**No. 14027     William Charles Lee, Trial Judge**

---

### No. M2000-00341-CCA-R3-PC - Filed July 28, 2000

---

The petitioner argues that in finding that his trial counsel was not ineffective and denying his post-conviction petition, the petitioner appeals from the trial court's denial of his post-conviction petition. He argues that the trial court erred by finding that his trial counsel was not ineffective. The trial court's order is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAMS, J., delivered the opinion of the court, in which WELLES and SMITH, JJ., joined.

William M. Haywood, Lewisburg, Tennessee, for the appellant, William Lavern Davis.

Paul G. Summers, Attorney General & Reporter, Jennifer L. Bledsoe, Assistant Attorney General, William Michael McCown, District Attorney General, and Weakley E. (Eddie) Barnard, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### Introduction

The petitioner, William L. Davis, appeals from the Marshall County Circuit Court's order, entered after a hearing, denying his petition for post-conviction relief. Found guilty in 1997 of one count of theft over $1000, he was sentenced, as a Career Offender, to serve twelve years in the Department of Correction. He now argues that trial counsel was deficient in certain respects and that he is therefore entitled to a new trial. Particularly, he argues:
   (1) Trial counsel's failure to raise the issue of the value of checks stolen constituted ineffective assistance of counsel; and
   (2) Trial counsel's failure to investigate, understand and properly notify the defendant of the effect of the notice of enhancement constituted ineffective assistance of counsel.
After careful review, we disagree and affirm the order denying the petition.

## Facts

As general background, in 1996, the petitioner with his wife and another co-defendant came to Marshall County, Tennessee for the purpose of stealing. In the parking lot of the Family Dollar Store, the three noticed that the store manager had dropped a bag as she was leaving the store. The petitioner subsequently stole the bag which contained $700 in cash and $700 in checks. Later apprehended and charged, the petitioner went to trial maintaining, all the time, his innocence. He was convicted of one count of theft over $1000 and sentenced as a career offender to twelve years.

The facts most relevant to this appeal were established at the post-conviction hearing. At this hearing, both the petitioner, trial counsel, and a prosecuting attorney testified. Trial counsel first described his meetings and communication with the petitioner. He stated that throughout their discussions the petitioner was adamant that he would accept no plea agreement involving incarceration and maintained from the very beginning his innocence. At various points during the representation, counsel explained to the petitioner that his "innocence claim" was not founded in the law; however, petitioner stayed firm. Next, he addressed the issue of the value of the checks. He explained that he had researched the matter and notified his client that the issue, if raised, would not be resolved in their favor. As for the enhancement issue, he stated that he, before trial and up to the sentencing hearing, was of the mistaken belief that the petitioner would be sentenced at Range II and not as a Career Offender. He said that this belief stemmed from petitioner's insistence that he had only four prior felony convictions. Further, he said that during plea negotiation the state had explained to the petitioner that he was a Career Offender and not a Range II but both he and petitioner remained unconvinced. During this negotiation, he said that the state offered somewhere between three and four years as a Range I offender. But again, he said, the defendant, not wanting to serve any time, rejected the offer.

The petitioner first described the incident leading to the conviction. Next, he described his discussions with defense counsel. He stated that no discussion about the valuation of the stolen checks occurred. Further, he stated that he was never told by either his attorney or the prosecuting attorney that he might receive twelve years. In fact, the petitioner stated that if he had known that he was facing twelve years then he would have taken the state's best offer.

Finally, a prosecuting attorney testified. He related the details of a meeting with the petitioner and his counsel. He stated that he remembered telling the petitioner that he faced a good possibility of twelve years.

After hearing this testimony, the trial court found:

But, they really won't have to because factually the Court finds the State's position to be factually such that the defendant should be denied his relief.

. . .

The Court finds that to be the case and the defendant elected to proceed to trial under the theory that he would convince the jury that he was not guilty of anything.

. . .

With regard to counsel's alleged failure to pursue some theory about value, that was inconsistent with his defense. That was a tactical decision. The proper tactical decision.

. . .

Be that as it may, the Court finds that counsel's conduct far exceeded the expectations of that under Baxter v. Rose.

. . .

The defendant's petition is respectfully denied for the reasons previously stated.

From these findings and the trial court's denial, the petitioner now appeals.

**Analysis**

The petitioner agues that the trial court abused its discretion by finding that his trial counsel was not ineffective. He identifies two regards in which counsel was allegedly deficient:
(1) Trial counsel failed to raise the issue of the value of the checks stolen; and
(2) Trial counsel failed to investigate, understand, and properly notify the defendant
of the effect of the notice of enhancement.
After reviewing this argument, we disagree.

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. See Strickland v. Washington, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To demonstrate prejudice a defendant or petitioner must show that there is a reasonable probability that but for counsel's error the result of the proceeding would have been different.

The test in Tennessee in determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. See Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. See Strickland, 104 S.Ct. at 2065; Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997); Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998). Therefore, in order to prove a deficiency, a petitioner must show

that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. See Strickland,104 S.Ct. at 2065; Henley v. State, 960 S.W.2d 522, 579 (Tenn. 1997); Goad, 938 S.W.2d at 369.

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." See Strickland, 104 S.Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. See Goad, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Alley, 958 S.W.2d at 149; Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Further, the petitioner's burden of proof in all post-conviction cases filed after May 12, 1995, is one of clear and convincing evidence, see Tenn. Code Ann. § 40-30-210(f), and reviewing courts must indulge a strong presumption that counsel's conduct falls within the range of reasonableness. Finally, the trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. See Butler, 789 S.W.2d 898, 899; Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the findings unless the evidence in the record preponderates against them. See Henley, 960 S.W.2d at 578. That burden lies with the petitioner. See Id. at 579.

*Value of Stolen Checks*

We first address counsel's alleged failure to raise the issue of the value of the checks stolen. The petitioner argues that his counsel was ineffective for failing to argue that the checks stolen were improperly valued at $700, their face amount. Trial counsel addressing this issue at the post-conviction hearing testified that his decision not to challenge the value was made after a review of the relevant case law. See State v. Evans, 669 S.W.2d 708 (Tenn. Crim. App. 1984). Or in other words, his decision was an informed, strategic, legal decision. See id.; see also Hellard, 629 S.W.2d at 9. We will not now second-guess that decision.

Further, the petitioner has made no showing that if challenged, the valuation of the checks and in turn the jury verdict would have probably been different. See Henley, 960 S.W.2d at 579 For these reasons, we find no merit in this issue.

*Notice of Enhancement*

Next, we address petitioner's argument that counsel's failure to inform him of the effect of the notice of enhancement constituted ineffective assistance of counsel. The trial court credited the testimony of the prosecuting attorney who stated that the petitioner was informed that he had a good possibility of receiving a twelve-year sentence. The petitioner has not demonstrated that the

evidence preponderates otherwise. Therefore, this Court is left with the trial court's finding that the petitioner knew he faced twelve years but decided, consistent with his insistence of innocence, that he would go to trial. This conclusion further corresponds with trial counsel's testimony that the petitioner would not accept any deal involving incarceration. Therefore, this Court finds no prejudice. This is a case where petitioner essentially asks for a second bite of the apple, and we must now deny his petition.

## Conclusion

For these reasons, we affirm the order of the trial court denying the petition for post-conviction relief.

_____
JUDGE JOHN EVERETT WILLIAMS